[Filed December, 16, 1889.]

STATE OF OREGON, RESPONDENT, *v.* E. A. JONES, APPELLANT.

AMENDMENT—PLEADING—CRIMINAL LAW—APPEAL.—In a criminal action appealed from a justice court the circuit court has the same power to allow an amendment of the pleading that it has in a civil case on appeal; that is, the amendment must be in furtherance of justice, and no new cause of action not embraced in the original pleading, or intended to be so included, shall be added by such amendment.

LICENSE—OPIUM—MORPHINE, ETC.—Section 3650, Hill's Code, makes it unlawful for any person to have in his possession or offer for sale any of the drugs therein enumerated without first having obtained a license therefor of the county clerk, and no person can procure such license under section 3660 "except regularly qualified physicians who keep a stock of drugs and medicines for their own use in prescription. and regularly qualified druggists."

MORPHINE, OPIUM, ETC.—SALE OR GIVING AWAY PROHIBITED BY § 3661 WITHOUT A PRESCRIPTION.—This section makes it unlawful to sell or give any of the drugs enumerated in the Act, except to those who present a prescription from a physician or pharmacist, and then only the quantity or kind named in the prescription must be delivered, and the prescription must be retained and kept open for public inspection.

PHYSICIAN—PHARMACIST—REGISTRY WITH COUNTY CLERK.—No physician or pharmacist can prescribe morphine, opium, etc., without first being registered with the

county clerk pursuant to § 3662; and, by § 3663, it can in no case be prescribed except for the cure of disease, and then only in such cases and quantities as are recognized by medical scientists as proper and fit.

PHYSICIANS—PHARMACISTS—PRESCRIPTIONS.—By § 3664 physicians and pharmacists who prescribe opium or any of the drugs enumerated in the preceding sections must keep a record which shall be open to public inspection, in which they have prescribed any of such drugs, giving the date of the prescription, the name and residence of the patient, the disease for which the prescription was made, and how much and how often the patient was to use the medicine.

CASE IN JUDGMENT.—Where it appeared that a regularly qualified and registered physician sold and delivered morphine pills to a party, he could not be exonerated without also showing that he made and kept the record required by § 3664, *supra.*

CRIMINAL LAW—PRACTICE.—In the trial of a criminal action, if the State fail to prove a case sufficient to require the defendant to enter upon his defense, it is proper to ask the court to direct an acquittal, but not to move for a non-suit; but such direction would be improper where enough is proven on the part of the State to require the defendant to introduce any evidence.

DIRECTION TO ACQUIT—PROVINCE OF THE JURY.—If the state of the case be such as to require the introduction of any evidence by the defendant, it then becomes the right and province of the jury to weigh the evidence, and to pass upon the credibility of the witnesses, and a direction to acquit would be an invasion of the province of the jury.

APPEAL from the circuit court for Multnomah county.

This proceeding commenced in the justice court of South Portland precinct, in Multnomah county, by the filing of a complaint charging the defendant with the crime of unlawfully giving away, to one Theodore Davis, morphine in the form of pills, without a prescription for the same from a physician or a regularly qualified pharmacist. A trial before the justice resulted in his conviction, and a fine was imposed of $50. From this judgment the defendant appealed to the circuit court, where the trial resulted the same as in the court below, from which judgment this appeal was taken. Before the trial in the circuit court the district attorney obtained leave to amend the complaint by the insertion of the words "and sell" after the words "did unlawfully and wilfully give away," in said complaint, and the complaint was amended accordingly. At the conclusion of the evidence the defendant, having shown he was a regularly registered and practicing physician, in effect moved that the State be non-suited and he be discharged, which was refused by the court.

*Ira Jones,* for Appellant.

*Henry E. McGinn, District Attorney,* for Respondent.

XVIII. OR.—16.

STRAHAN, J.—1. Section 2164, Hill's Code, confers upon the circuit court the same authority to allow an amendment of the pleadings on an appeal in a criminal action that it has on appeal in a civil action; and the only limitation on the power of the court to allow amendments in civil actions on appeal is, that no new item or cause of action not embraced or intended to be included in the original account of statement shall be added by such amendment; and further, that by such amendment substantial justice will be promoted. Hill's Code, section 2130. In allowing this amendment the court did not exceed its authority, and it furnishes the defendant no ground of complaint. The nature of the charge against the defendant was not changed, nor was any new cause of action added.

2. The main contention on the part of appellant is that being a regularly qualified and practicing physician, he might lawfully sell or give away opium without a prescription; in other words, that he was not required, under the law, to keep a record, where he had prescribed opium in his regular practice. The statute under consideration was designed to suppress the use of the drugs therein enumerated, unless under the particular conditions therein prescribed, and for that purpose very comprehensive language is used in every section. Section 3650 says that no person shall have in his possession, or offer for sale, any of the prohibited drugs, who has not previously obtained a license from the county clerk. Section 3659 makes it the duty of the county clerk to keep a book, in which he shall record the name, and place of business, and date of application, of persons who apply to him for license to sell opium, morphine, etc., and on payment to him of one dollar he issues a license of a certain prescribed form. Section 3660 prohibits such clerk from issuing a license under the act to any person "except regularly qualified physicians, who keep a stock of drugs and medicines for their own use in prescription, and regularly qualified druggists." Section 3661 prohibits the sale or giving away of

any of the prohibited drugs, except to those who present
a prescription for the same from a physician, or a regular
qualified pharmacist; and the party selling shall sell and
deliver only the quantity and kind named in the prescrip-
tion, and he shall retain the prescription and keep
it open for public inspection.    It was under this sec-
tion the complaint was made against the defendant.
Section 3662 prohibits any physician or pharmacist from
prescribing the use of opium, morphine, etc., unless he
or she shall previously have registered with the county
clerk of the county wherein he or she resides and prac-
tices, his or her name and address, the name and location
of the institute of which he or she is a graduate, and the
date of his graduation.    The residue of the section relates
to other evidence to be exhibited to the county clerk.    Sec-
tion 3663 prohibits physicians and pharmacists from pre-
scribing any of the enumerated drugs "except for the
cure of disease, and he or she shall prescribe only
in such cases and in such quantities as are recog-
nized by medical scientists as proper and fit."    Sec-
tion 3664 is as follows:    "Physicians or pharmacists
who prescribe opium, or any of the drugs above named,
shall keep a record, which shall be open to public inspec-
tion, of all cases in which they have prescribed opium or
any of the above-named drugs, stating the date of pre-
scription, the name and residence of the patient, the
disease for which he or she prescribed, and how much and
how often the patient was instructed to use the medicine
prescribed containing any of the above-named drugs."
Section 3666 prescribes the punishment to be inflicted upon
"any person who violates any of the provisions of this
Act."    The main point of contention on the part of the
appellant is, that being a physician he might lawfully sell
the drug in question without any other prescription than
such as he might orally make to the patient at the time of
the sale, and that he is not bound to have the prescription,
which he must keep open to public inspection, mentioned
in section 3661    But I think that proof that defendant

was a physician was not enough to exonerate him. He was bound to go further and to prove, in addition to being a physician or pharmacist and that he prescribed the drug specified, that he kept the record required by section 3664. These requirements were a part of his defense, and I think if he failed to introduce proof showing compliance with the law, he was in no better fix than any other illegal seller. Certainly the fact that he is a physician or pharmacist is insufficient, unless he shows that he complied with the law. This statute was designed to repress a growing evil, and to accomplish that end it aimed to put the use of the enumerated drugs under legal surveillance; that is, under the control of agents, which the law appoints on their application for that purpose, to require them to make and keep certain records in relation to the sales or prescriptions, and to hold them responsible for the neglect of those duties. These requirements were necessary to enable the officers of the law to trace the illegal sale or use of the prohibited drugs and to fix the responsibility upon the proper party. Whether they are the wisest that might have been devised it is not our province to say; they are certainly repressive in their nature, and if rightly enforced no doubt will do much to accomplish the legislative intent.

3. There is a question of practice presented by this record, which deserves notice.

When the State concluded its evidence and the defendant had proven that he was a registered physician, he moved that the State be non-suited. This motion was evidently designed to follow the practice in civil cases, where the plaintiff fails to prove a case sufficient to be submitted to the jury; but in criminal cases, where the State fails to prove sufficient to put the defendant on his defense, the proper practice is to ask the court to direct an acquittal. This rule was applied during the present term in *State* v. *Buckley.* But treating the defendant's application as a request to the court to direct an acquittal, as has been done thus far, it was improper for another reason. Where the State proves enough to require the defendant to produce

evidence in his own behalf such a direction would be improper. As soon as enough is shown to require the defendant to enter upon his defense and to introduce evidence, it is the province of the jury to weigh the evidence and to pass upon the credibility of the witnesses. A direction to acquit in such a case would be an invasion of the province of the jury, and could not be sustained.

Let the judgment of the court below be affirmed.