[Filed January 4, 1892.]

## STATE OF OREGON *v.* THOMAS KEARNEY.

CRIMINAL LAW—NEW TRIAL—APPEAL.—A defendant in a criminal action entered on his defense without moving the court, at the conclusion of the state's testimony, to direct a verdict to be found in his favor on the ground that there was no evidence implicating him with the commission of the crime charged; *held*, that the refusal of the trial court to grant a new trial after a verdict of guilty, presents no question for review on appeal to this court.

Clatsop county: FRANK J. TAYLOR, Judge.

Defendant appeals. Affirmed.

The defendant was indicted with Harry Whalen and William Scott for the crime of larceny from the person of another, and having been convicted and sentenced to a term of five years in the penitentiary, he has appealed to this court. After the verdict had been rendered, the appellant's counsel filed a motion to set the same aside for the reason that the evidence was insufficient to support the verdict against Kearney, and for the reason there was no evidence to connect Kearney with the commission of said crime. Kearney jointly with Scott also filed a motion to set aside the verdict and grant them a new trial for reasons specified in said motion, but which were not insisted upon on the appeal.

*C. W. Fulton*, for Appellant.

*T. A. McBride*, district attorney, for Respondent.

STRAHAN, C. J.—The only point insisted upon by appellant's counsel was the refusal of the court to set aside the verdict and grant a new trial. It was insisted that there was no evidence before the jury connecting the appellant with the commission of the crime. This motion for a new trial presents no question for review. At the conclusion of the state's evidence, the defendant might have asked the court to direct the jury to acquit him if there were no evidence whatever implicating him in the commission of the crime charged. (*State* v. *Jones*, 18 Or. 256.)

And in such case, it would have been the duty of the court to have so charged. But the defendant saw proper to pursue a different course. He entered upon his defense and introduced evidence tending to controvert the state's case.

The judgment appealed from must be affirmed.