[No. 1,046.]

# THE STATE OF NEVADA, RESPONDENT, *v.* CHING GANG, APPELLANT.

OPIUM ACT—SALE BY PHYSICIANS.—To make a defense for the sale of opium by a practicing physician complete, the defendant must show that he comes within the provisions of the "act to prevent the practice of medicine and surgery by unqualified persons" (Stat. 1875, 47).

APPEAL from the District Court, Sixth Judicial District, Eureka County.

The facts appear in the opinion.

*Alexander Wilson* and *C. G. Hubbard*, for Appellant.

*M. A. Murphy*, Attorney General, for Respondent.

By the Court, HAWLEY, J.:

This case is similar to that of *The State* v. *Ah Chew, ante,* 50. The only question which is not disposed of by the opinion in that case is as to the correctness of the ruling of the court in refusing to allow the defendant, who was a witness in his own behalf, to answer the question, "Are you a practicing physician?" The defendant had the right to show, if he could, that he was a legally practicing physician, and that he sold the opium as a prescription. But in order to make his defense complete it was necessary for him to show that he came within the provisions of the "Act to prevent the practice of medicine and surgery by unqualified persons." (Stats. 1875, 47; *Ex parte Spinney,* 10 Nev. 323.)

The record shows that when the question was asked, the

counsel for the state objected to the defendant's answering it unless "he showed a compliance with the laws of the state." When this objection was made, we think it was the duty of the defendant to state, if it was the truth, that he proposed to show a compliance with the law. Having failed to make any such statement, and failed to offer any further proof, we are of opinion that the court did not err in sustaining the objection.

The judgment of the district court is affirmed.