## PEOPLE v. SANTAGATA.

(Supreme Court, Appellate Division, First Department. January 8, 1909.)

**1.** CRIMINAL LAW (§ 1159*)—APPEAL—REVIEW—CREDIBILITY OF TESTIMONY.

The credibility of conflicting testimony in a criminal prosecution is for the jury, and their verdict thereon will not be disturbed if error does not appear in the record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3076; Dec. Dig. § 1159.*]

**2.** CRIMINAL LAW (§ 723*)—TRIAL—MISCONDUCT OF PROSECUTOR—BRINGING IN INCOMPETENT MATTER.

In a prosecution for selling cocaine otherwise than upon a physician's prescription, in violation of Pen. Code, § 405a, added by Laws 1907, p. 879, c. 424, conduct of the prosecuting attorney in bringing into the case incompetent matter concerning the sale of cocaine to women in "Chinatown" and its effect upon them, in his opening, in the examination of witnesses, and in his summing up, against accused's repeated objections, where the court refused to strike it out, was prejudicial error, tending to inflame the jury and secure a conviction by passion and prejudice.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1676; Dec. Dig. § 723.*]

**3.** CRIMINAL LAW (§ 369*)—EVIDENCE—OTHER OFFENSES.

In a prosecution for selling cocaine otherwise than upon a physician's prescription, in violation of Pen. Code, § 405a, added by Laws 1907, p. 879, c. 424, evidence of other sales by accused to the prosecuting witness was incompetent as evidence of other crimes, there being no question of intent involved.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 822; Dec. Dig. § 369.*]

**4.** CRIMINAL LAW (§ 369*)—EVIDENCE.

In a prosecution for selling cocaine otherwise than upon a physician's prescription, in violation of Pen. Code, § 405a, added by Laws 1907, p. 879, c. 424, evidence that prosecuting witness had before the sale in question purchased cocaine from accused, without showing that the purchase was made since the section went into effect, was inadmissible, since it might have been made theretofore and therefore not been unlawful.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 822; Dec. Dig. § 369.*]

Appeal from Court of General Sessions, New York County.

Edward Santagata was convicted of selling cocaine in violation of Pen. Code, § 405a, added by Laws 1907, p. 879, c. 424, and he appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Palmieri & Wechsler (John Palmieri, of counsel), for appellant.

William Travers Jerome, Dist. Atty. (Robert S. Johnstone, of counsel), for respondent.

CLARKE, J. Section 405a of the Penal Code, added by chapter 424, p. 879, of the Laws of 1907, provides that it shall be unlawful for any person to sell, furnish, or dispose of alkaloid 'cocaine or its salts, except upon the written prescription of a duly registered physician. A violation of the provisions of said section is made a felony punishable by imprisonment of not more than one year, or a fine of

not more than $1,000, or both. This law took effect September 1, 1907. The defendant was indicted for a sale of cocaine on the 21st of March, 1908, to one Haywood, found guilty by the jury, and from the judgment entered thereon appeals.

On the 22d of March, 1907, one Haywood was arrested by the police. Certain bottles of cocaine were found in his rooms at No. 7 Pell street. On the 23d of March, Haywood, a police officer, and an inspector from the health department went to the rooms of the defendant. The police officer testified that, in the presence of the defendant, Haywood was asked, "Is this the man that sold you the cocaine on Saturday, March 21st?" and Haywood said, "Yes"; that the inspector from the health department then asked the defendant if he had ever sold Haywood any cocaine, and he answered, "Yes"; that he then placed the defendant under arrest; that he asked the defendant if he had ever sold Haywood any of this cocaine, and he said, "Yes." "I asked him if he sold any to him on Saturday, and he said 'Yes,' he sold him an ounce and a half on Saturday, and he was to pay him $15 for the ounce and a half, and had only paid him $10 on it and still owed him $5." Haywood testified that he had bought from Santagata on the 21st of March the cocaine which the police had found in his rooms, "an ounce and a half of cocaine, for which I was to pay him $15, but I only paid him $10 and owed him $5."

It was in evidence that, on being taken before the police magistrate, the defendant denied the sale, and upon the trial under review he went upon the stand and likewise denied the sale. The verdict convicting the defendant of the crime charged in the indictment rests upon the testimony of Haywood, who admitted that he had been in the habit of selling to others the cocaine which he bought, and who it was proved had some time prior to the occurrence in question received a ring from the defendant for the purpose of pawning, returning to the defendant the amount received thereon, but had appropriated the money so raised to his own use; and upon the testimony given by the police officer of admissions made by the defendant at the time of the arrest. The credibility of this testimony, met by the denials of the defendant, was for the jury, and if error did not appear in the record we would not interfere with the verdict.

The assistant district attorney, in his opening to the jury, said:

"There were a number of people taken out of Chinatown who had been addicted to the use of cocaine. Counsel for the Defendant: I object to that remark as prejudicial to the defendant, and I ask your honor to instruct the jury to disregard the statement of the district attorney. The Court: I shall instruct both counsel, in their opening, not to address the jury upon any subject except what they expect to prove, and what they consider will be essential to their respective sides, and the jury will not give weight or consideration to anything that is not accepted as proper and competent evidence by the court. Does that satisfy you? Counsel for the Defendant: That is perfectly satisfactory to me, because, as your honor readily sees, what cocaine has done to other people does not affect this defendant."

The first witness, the police officer, was asked:

"Prior to the arrest of Haywood, had you had complaints that cocaine was being sold in Chinatown?"

This was objected to as immaterial and incompetent, objection overruled, and an exception duly taken. The officer answered:

"There were several girls taken away from there under the effects of it, and the captain instructed me to look and see if I could find out who was selling it."

Counsel for the defendant moved to strike the answer out, and asked the court to instruct the jury to disregard it as prejudicial to this defendant. The motion was denied, and an exception taken.

In the course of Haywood's direct examination, he testified:

"After I purchased it from Santagata at various times, I used to sell it to various people in Chinatown—to the girls in Chinatown."

In cross-examination the defendant was asked:

"You know that there have been a number of women taken out of Chinatown and sent to Bellevue Hospital suffering from cocaine, being made crazy from the use of cocaine, within the last month, don't you?"

This was objected to, the objection overruled, and an exception taken.

In his summing up, the assistant district attorney made the following remarks:

"Five women were taken out of Chinatown under the influence of this drug."

Defendant's counsel objected, and the court said:

"This has nothing to do with the case; there is no evidence of it."

It is true that it had nothing to do with the case, but the assistant district attorney had injected it against the repeated objection of the defendant, by his opening, by his examination of the first witness, the police officer, by the direct examination of Haywood, in his cross-examination of the defendant, and in his summing up, and the court had denied the motion of the defendant's counsel to strike out this evidence.

The defendant was on trial for a violation of a statute which made a sale of cocaine, except upon a physician's prescription, a felony. Proof of such sale warranted a conviction. The Legislature had regarded the unrestricted sale of this drug as so dangerous to the community as to declare it a felony. It is obvious that the jury had nothing to do with the wisdom of the law or with the consequences of a sale. They were to determine solely whether the positive enactment of the Legislature had been violated. The persistent dragging in of this incompetent matter could only have been intended for the purpose of inflaming the jury and securing a conviction by passion and prejudice.

The assistant district attorney asked Haywood the following questions: "Had you purchased cocaine from Santagata before?" It was objected to as incompetent, irrelevant, and immaterial. The objection was overruled, and exception taken. He answered, "Yes." "How many times?" Same objection, ruling, and exception.

"I bought it maybe a dozen or fifteen times before this. Santagata had been in business at 71 Mott street, to the best of my knowledge, a couple of months. I knew him before he was in business at 71 Mott street. I knew

him from Mr. Hitch's drug store, Chatham square and Mott. He was clerk in Hitch's drug store. Q. Did you purchase cocaine from Santagata when he was clerk in Hitch's drug store? (Objected to as incompetent, irrelevant, and immaterial, and not connected with this case. Objection overruled, and exception taken.) A. Yes."

The reception of this testimony was error, for two reasons: First, because it was evidence of other crimes, and, where no question of intent was involved, inadmissible, as pointed out in People v. Spier, 120 App. Div. 786, 105 N. Y. Supp. 741, which rested for its authority on People v. Molineux, 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193; and for the further reason that, if any sales had been made by the defendant while a clerk in Hitch's drug store, before the 1st of September, 1907, such sales would not have been unlawful. We do not pass upon the guilt or innocence of the defendant in this case. That is the province of the jury. We think, however, that he has not had the fair trial that he is entitled to under the law.

The judgment appealed from should be reversed, and a new trial ordered. All concur.