[Crim. No. 1796.  In Bank.—October 7, 1913.]

## In the Matter of the Application of KATE LIERITZ, Formerly Kate Measor, for a Writ of Habeas Corpus.

LOCAL OPTION LAW—WYLLIE ACT—COUNTY ORDINANCE PROHIBITING SALE OF LIQUORS—SUPERVISORIAL DISTRICT BECOMING NO LICENSE TERRITORY—PROSECUTION UNDER STATE LAW.—The existence of a county ordinance prohibiting the sale of alcoholic liquors within the county limits, is not a bar to the holding of an election in a supervisorial district under the Local Option Law commonly known as the "Wyllie Law" (Stats. 1911, p. 602), for the purpose of determining whether or not the people of that district shall avail themselves of the advantages of that law. If, as the result of such election, the district votes against the licensing of the sale of liquor, the state law supersedes the county ordinance, and one who subsequently sells intoxicating liquors within the limits of the district is properly prosecuted under the state law.

ID.—ELECTION UNDER WYLLIE ACT—ANNOUNCEMENT OF RESULT OF ELECTION BY SUPERVISORS.—Such an election held in the supervisorial district is not invalidated because the supervisors announced the result of the election and declared the district no license territory

without waiting ninety days. Under section 10 of the Wyllie Act, even the failure of the supervisors to make the prescribed entry declaring the district involved "no license territory," would not affect the law in any way.

ID.—INFORMATION—DEFENDANT NOT WITHIN EXCEPTED CLASSES.—In a prosecution for selling intoxicating liquors in violation of the so-called Wyllie Law, the information need not allege that the defendant is not within one of the classes—pharmacists, manufacturers, and the like—excepted from the operation of the law.

APPLICATION for a Writ of Habeas Corpus directed to the Sheriff of Orange County.

The facts are stated in the opinion of the court.

Henry W. Nisbet and O. H. Myrick, for Petitioner.

L. A. West, District Attorney, and A. E. Koepsel, Deputy District Attorney, for Respondent.

MELVIN, J.—Information was filed against Kate Measor and she was tried and convicted thereunder for selling, furnishing, distributing, and giving away alcholic liquors in the fifth supervisorial district of the county of Orange, which was and is "No license territory." Her alleged crime was a violation of the Local Option Law commonly known as the "Wyllie Act." It is admitted that prior to any complaint being lodged against petitioner, there was an election held in the fifth supervisorial district of Orange County, whereby the question of license or no license was submitted to the voters and that a majority of the votes cast not being in favor of license, the board of supervisors declared said fifth supervisorial district would be "no license territory" on and after ninety days from the date of the election. But since there was at the time of said election a valid ordiance, which has not since been formally repealed, prohibiting the sale or distribution of alcoholic liquors in Orange County, petitioner insists that the Wyllie Act did not operate upon the territory in question, and if guilty of anything at all she was a violator of the ordinance and that she was tried under the wrong statute—one which had no force in the territory in question.

It is undoubtedly true that there was and for a long time

had been an ordinance prohibiting the sale of alcoholic liquors in Orange County when the election above mentioned was held. That ordinance had been declared valid by this court. (*Ex parte Young*, 154 Cal. 319, [22 L. R. A. (N. S.) 330, 97 Pac. 822].) The election was held only in the fifth supervisorial district. The question then is this: Which of the laws —the Wyllie Act or the ordinance—is in force in the said district or are both effectual therein?

Petitioner insists that the holding of an election under the "Wyllie Law" in a district which was already "no license territory" was a vain and idle act. With this contention we cannot agree. The board of supervisors could at pleasure repeal a mere ordinance; but when a supervisorial district is once declared "no license territory" after an election under the "Wyllie Act" that condition may not be disturbed except by a vote of the people of the district. (Stats 1911, p. 602— sec. 11 of the Wyllie Act.) This alone would furnish a reason why the residents of a supervisorial district might demand an election under the "Wyllie Act" in a portion of the county in which licenses were not then issued because of the prohibition of a county ordinance. Other reasons why the holding of such an election would not be an idle act are that under the "Wyllie Law" an offender would be triable in a higher court, under a different procedure and subject to a different penalty than a violator of a mere ordinance would be. It is obvious, therefore, that the existence of a prohibitory ordinance is no bar to the holding of an election to determine whether or not the people of a certain district shall avail themselves of the advantages of the state law. It is equally obvious that the state law, when made applicable in such district is supreme. This matter was considered only a few months ago by this court in the *Matter of the Application of Ellsworth for a writ of habeas corpus*, 165 Cal. 677, [133 Pac. 272.] In that case we were discussing the scope of the "Wyllie Act" as operating in territory within a county having a general ordinance on the subject of liquor. Mr. Justice Henshaw, summing up his discussion of this matter, said: "It follows herefrom that the first supervisorial district which voted in favor of licensing the sale of liquors will be subject to the terms of such regulatory or prohibitory ordinance as the county of Sonoma may adopt; that the second

supervisorial district, which voted against the licensing the sale of liquors, cannot be subjected to the terms of any regulatory license. But this fact, of course, does not render the ordinance void as to such other parts of the county as are subject to its operation." (See, also, *Ex parte Beck*, 162 Cal. 701, 711, [124 Pac. 543].)

It follows that the petitioner was not prosecuted under an inapplicable statute as she contends.

Petitioner insists that the election held in the district in which she was prosecuted was void because the supervisors announced the result of the election and declared said district no license territory without waiting ninety days. The declaration was made two days after the election. There is nothing in petitioner's contention in this behalf. Section 10 of the act provides that even a *failure* to make the prescribed entry declaring the district involved "no license territory," will not affect the law in any way.

The pleading is attacked on the ground that by the information the defendant is not mentioned as being without one of the excepted classes named in section 16 of the act—pharmacists, manufacturers and the like. Even if we might pass upon the sufficiency of a complaint upon *habeas corpus* where an attempt is made in a pleading to charge an offense, we would find ample authority against petitioner's point. The excepted classes are not mentioned in the definition of the offense and it is therefore not necessary to enumerate them, nor to declare the defendant not a member of any one of them in drafting a complaint or information. The authorities almost without conflict declare that a complaint, indictment, or information need not allege that an accused comes within exceptions mentioned in the statute upon which the prosecution is founded. (*Ex parte Hornef*, 154 Cal. 360, [97 Pac. 891]; *Hogan* v. *Superior Court*, 16 Cal. App. 793, [117 Pac. 947]; *People* v. *Priestley*, 17 Cal. App. 176, [118 Pac. 965].)

The writ is discharged and the petitioner remanded to custody.

Henshaw, J., Lorigan, J., Sloss, J., Shaw, J., and Angellotti, J., concurred.