[Crim. No. 417. Second Appellate District.—November 3, 1915.]

THE PEOPLE, Respondent, v. A. DIAL, Appellant.

INTOXICATING LIQUORS—PROSECUTION UNDER LOCAL OPTION LAW—EVIDENCE—PRIOR SALES.—In a prosecution under the Local Option Law (Stats. 1911, p. 599) for selling, furnishing, distributing and giving away alcoholic liquors within "no license" territory, it is error to permit the introduction of testimony of sales made by the defendant prior to that charged in the information.

ID.—EVIDENCE — CRIMINAL INTENT — SIMILAR ACTS — INAPPLICABILITY OF RULE.—While it is true that in certain cases, like forgery and embezzlement, it is permissible to introduce evidence concerning other acts of the same-nature, for the purpose of establishing a guilty intention, no such rule applies in cases of this kind, where the very ground upon which the prosecution relies for a conviction is, that a performance of the acts mentioned in the statute constitutes a crime, regardless of any fraudulent intention.

ID.—ERRONEOUS ADMISSION OF EVIDENCE—INSUFFICIENT GROUND FOR REVERSAL—CONSTITUTIONAL LAW.—The admission of such erroneous testimony is not a sufficient ground for reversal, by virtue of the provisions of section 4½ of article VI of the constitution, where the accusation against the defendant is established by two witnesses, who were not impeached or contradicted, and the defendant offered no evidence, except the testimony of one witness which was confined to one of the prior sales.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge.

The facts are stated in the opinion of the court.

Allison & Dickson, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant was convicted of the crime of misdemeanor committed on the seventh day of March, 1915, in that, according to the information, he did "sell, furnish, distribute and give away alcoholic liquors to another," etc., within the third supervisorial district of San Bernardino County, that being "no license" territory, established as such by election pursuant to the Local Option Law. (Stats. 1911, p. 599.) We may perhaps assume that he appeals from the judgment, as that is the claim made in his counsel's brief, although the notice of appeal is defective.

In addition to the testimony of witnesses concerning the transaction occurring on the seventh day of March, when he delivered intoxicating liquor to one L. S. Rooney, the prosecution was permitted, over defendant's objection, to introduce testimony showing other sales of liquor made by the defendant to persons other than Rooney on the fourteenth day of February and on the twenty-first day of February, 1915. The only error pointed out on behalf of the defendant as a ground for reversal of the judgment consists in the admission of the testimony concerning these prior sales.

We are satisfied that such testimony should not have been received. In *People* v. *O'Brien,* 96 Cal. 171, [31 Pac. 45], the crime charged was that of altering a public record, which act was a violation of a penal statute. The court said: "And while it is true that in certain cases, like forgery and embezzlement, it is permissible to introduce evidence concerning other acts of the same nature, for the purpose of establishing a guilty intention, no such rule applies in cases of this kind, where the very ground upon which the prosecution relies for a conviction is, that a performance of the acts mentioned in the statute constitutes a crime, regardless of any fraudulent intention." The Local Option Law (section 13)

28 Cal. App.—45

makes it unlawful for any person to sell, furnish, distribute, or give away any alcoholic liquors within "no license" territory, except as provided in section 16. Section 16 states the instances in which such liquors may be sold or distributed. In the *Matter of Lieritz,* 166 Cal. 298, [135 Pac. 1129], the same statute was under consideration, and it was claimed that the information was insufficient because the defendant was not mentioned as being without the excepted classes named in section 16 of the act—pharmacists, manufacturers, and the like. The court said: "Even if we might pass upon the sufficiency of a complaint upon *habeas corpus* where an attempt is made in a pleading to charge an offense, we would find ample authority against petitioner's point. The excepted classes are not mentioned in the definition of the offense and it is therefore not necessary to enumerate them nor to declare the defendant not a member of any one of them in drafting a complaint or information. The authorities almost without conflict declare that a complaint, indictment, or information need not allege that an accused comes within exceptions mentioned in the statute upon which the prosecution is founded." (Citing cases.) So here, although the information in this case excludes the defendant from the excepted classes, the statement of such exceptions may be regarded as surplusage, and no evidence thereof was required to establish the charge. This was defensive matter of which the defendant might avail himself by evidence, if he so desired.

In *Chipman* v. *People,* 24 Colo. 520, [52 Pac. 677], the defendant was convicted for selling liquor without a license. After pointing out that under the statute a sale by any person without a legal license therefor was unlawful, the supreme court said: "The purpose for which, or the intent with which, the sale in question is made is not important. The mere doing of the prohibited act constitutes the offense, and the specific intent with which such act is done is immaterial. The admission of evidence of other similar offenses, therefore, could not have been otherwise than prejudicial to the defendant, and we cannot say that such incompetent evidence did not contribute to the verdict." In *Walker* v. *State,* 72 S. W. 401, the court of criminal appeals of Texas declared that if the transactions introduced or the sales testified about as occurring prior to the particular offense

charged were transactions between the defendant and an-
other party than the one concerned as purchaser in the prin-
cipal transaction, evidence of such prior sales would not be
admissible if the transaction in hand showed clearly and dis-
tinctly a sale. ''Wherever facts testified in regard to the
case on trial are plain and certain, extraneous matter cannot
be introduced under the rule in regard to system, developing
the *res gestae,* or proving intent.'' In *People* v. *Santagata,*
130 App. Div. 225, [114 N. Y. Supp. 321], the defendant was
convicted of a felony committed in the unlawful selling of
cocaine, contrary to the provisions of a statute. Concerning
evidence received over defendant's objection tending to prove
prior sales of cocaine by him, the court said: ''The reception
of this testimony was error, for two reasons: First, because
it was evidence of other crimes, and, where no question of
intent was involved, inadmissible.'' (Citing cases.) The
rule is very fully stated, with authorities, in Woollen and
Thornton on the Law of Intoxicating Liquors, section 931.

While the decisions are not all consistent with those above
mentioned, and there seem to be no California cases covering
this particular question in prosecutions for illegal sales of
intoxicating liquors, we think that a ruling admitting such
testimony would not be in harmony with the decisions in this
state involving the same principle. In *People* v. *King,* 23
Cal. App. 259, [137 Pac. 1076], where the defendant was
prosecuted on a charge of embezzlement, it was held error to
allow the prosecution to prove other acts of embezzlement
committed by the defendant at earlier dates and in wholly
disconnected transactions.

But while we agree with appellant that the testimony to
which he objects should not have been admitted, we are fur-
ther of the opinion that the error complained of does not
furnish a sufficient reason for reversal of the judgment in this
case. The accusation against defendant is established by the
testimony of two witnesses who testify directly to the com-
mission of the acts charged in the information. The record
fails to show that these witnesses were impeached or con-
tradicted in any particular. No evidence was offered by the
defendant, except the testimony of one witness which was
confined to one of these earlier transactions. The evidence
left no room for doubt in the minds of the jurors. They
were bound to find the defendant guilty and could not have

done otherwise without violation of their oaths. The case comes clearly within the provisions of section 4½ of article VI of the constitution which forbids us to set aside a judgment on account of the improper admission of evidence, "unless after an examination of the entire case, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

The judgment is affirmed.

*James, J.,* and *Shaw, J.,* concurred.