[Crim. No. 715.   Third Appellate District.—October 4, 1923.]

# THE   PEOPLE,   Respondent,   v.   M.   CENCEVICH, Appellant.

[1] CRIMINAL LAW—UNLAWFUL POSSESSION OF INTOXICATING LIQUOR —PRIOR CONVICTION—VALIDITY OF JUDGMENT—EVIDENCE.—A prior conviction of the offense of having the unlawful possession of intoxicating liquor is not a nullity where it is shown that defendant was arrested on a warrant issued upon a complaint charging the commission of the offense on the day before the complaint was filed; that he was taken into court, arraigned and entered a plea of guilty to the charge on the day the complaint was filed; that he waived time for sentence and was thereupon sentenced to pay a fine, and that on the following day he paid the fine and was discharged from custody.

[2] ID. — EVIDENCE — SUFFICIENCY OF — CREDIBILITY OF WITNESSES.— In a prosecution under an information charging the unlawful possession of intoxicating liquor and also a prior conviction of the same offense, the testimony of two witnesses that on the day mentioned in the information they searched defendant's saloon and found intoxicating liquor behind the bar, and the testimony of another witness, produced by the defendant, that the defendant served him with intoxicating liquor over the bar on both the day mentioned in the information and the previous day, was sufficient to show the unlawful possession of intoxicating liquor as charged in the information, the credibility of the witnesses being exclusively for the jury's determination.

[3] ID. — SHERIFF'S CONDUCT TOWARD JURY — AFFIDAVITS. — In such prosecution, where certain affidavits presented by the defendant in support of his motion for a new trial charged the sheriff with tampering with the jury when the deputy sheriff was the only officer sworn to take charge of the jury during the deliberations thereof, the trial court was justified in treating, as a sufficient denial of all improper conduct on the part of the sheriff stated in said affidavits, the testimony of the deputy sheriff to the effect that he was in charge of the jury at all times when the sheriff was present; that the sheriff did not say anything about the case or the prohibition law in a restaurant where the jury was eating, as charged in said affidavits; that he did not hear the sheriff say anything about the case in the jury-room, and that he thought if anything had been said he would have heard it.

[4] ID.—CHARACTER OF CONVERSATION—STATEMENT IN AFFIDAVIT—CONCLUSION OF AFFIANT.—The statement in an affidavit that a conversation between one of the jurors and two of the prosecuting

witnesses was "secret" is a mere conclusion of the affiant and not a statement of fact.

[5] Id.—Voluntary Absence of Counsel from State—Inadvertence. Inattention to his client's case because merely of voluntary absence from the state does not constitute such inadvertence as to excuse counsel's neglect to appear at the oral argument of the case on appeal or to file a closing brief. (Opinion on denial of rehearing.)

[6] Id.—Possession of Liquor—Pleading.—In a prosecution for the unlawful possession of intoxicating liquor it is not necessary to plead that the defendant's possession of the intoxicating liquor was not within the exceptions contained in the Volstead Act making the possession of such liquors lawful under certain circumstances. (Opinion on denial of rehearing.)

[7] Id.—New Trial—Admission of Oral Testimony—Waiver.—A defendant will be deemed to have waived any objection to the consideration of oral testimony by the court on a motion for new trial on the ground of misconduct of the jury by his failure to object to its admission. (Opinion on denial of rehearing.)

[8] Id.—Judgment—Fine—Imprisonment.—A judgment of conviction of a second offense of the possession of intoxicating liquor providing that the defendant pay a fine of six hundred dollars and "in default of the payment of the fine that he serve one day in the county jail for each two dollars of the fine that remains unpaid," is void to the extent that it directs imprisonment beyond the period of ninety days, which is the maximum imprisonment for a second offense of the possession of intoxicating liquor. (Opinion on denial of rehearing.)

APPEAL from a judgment of the Superior Court of Calaveras County and from an order denying a new trial. J. A. Smith, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was charged with the unlawful possession of intoxicating liquor on the twentieth day of March, 1923. The information further charges that the

defendant was convicted on the thirteenth day of February, 1923, of the offense of having the unlawful possession of intoxicating liquor. The jury found the defendant guilty as charged and that he had suffered the alleged previous conviction. This appeal is from the judgment of conviction and the order denying defendant's motion for a new trial.

[1] Appellant contends that the prior conviction was a nullity. Relative to the prior conviction the record shows that the complaint on which it was based was filed in the justice's court, February 13, 1923; that a warrant of arrest was issued and that the defendant was arrested, taken into court, arraigned and entered a plea of guilty to the charge on the day the complaint was filed; that he waived time for sentence and was thereupon sentenced to pay a fine of one hundred dollars; and that on the fourteenth day of February he paid the fine and was discharged from custody. The complaint filed in the justice's court, which was introduced in evidence by the defendant, charges the defendant with the unlawful possession of intoxicating liquor on the twelfth day of February, 1923. It is not perceived on what theory it can be held that the justice's court did not have jurisdiction or that the judgment therein was a nullity.

[2] It is urged that there is no credible evidence that the defendant had the unlawful possession of intoxicating liquor as charged in the information. Two witnesses testified positively that on the twentieth day of March, 1923, they searched defendant's saloon and found intoxicating liquor behind the bar and another witness, produced by the defendant, testified on cross-examination that the defendant served him with intoxicating liquor over the bar on both the 19th and the 20th of March, 1923.

The defendant attempted to impeach this witness by showing that, prior to taking the stand, he had made statements inconsistent with the testimony given. It is here claimed that the witness was tampered with, but there is no evidence to sustain the charge except such inconsistent statements and any contradictions appearing in the witness' testimony given at the trial. The credibility of the witness was exclusively for the jury's determination.

Finally, it is contended that there was tampering with the jury. In support of his motion for a new trial the defendant presented certain affidavits to the effect that Joseph

Serra, a deputy sheriff, was the only officer sworn to take charge of the jury during the deliberations thereof; that Joseph W. Zwinge, sheriff of the county, conducted the jury from the jury-room to a restaurant for lunch; that Zwinge there engaged in conversation with members of the jury relative to the "enforcement of the prohibition law and kindred subjects"; that Zwinge ate lunch with the jurors, conducted them back to the courtroom and conversed with them during their deliberations; that he was present in the jury-room during the deliberations of the jury for several minutes on two different occasions, and that on the first day of the trial, after the jury had been selected, "one of said jurors was in secret conversation with . . . two of the prosecuting witnesses in said action in the corridor leading from the courthouse to the courthouse annex." Serra testified that he was in charge of the jury at all times when Zwinge was present; that Zwinge was present at the time the jurors were eating lunch but that he ate at a different table from that of the jurors and the defendant and his attorney and others were in the restaurant at the same time; that Zwinge said nothing there about the case or the prohibition law; that during the deliberations of the jury, Zwinge entered the jury-room to build a fire, stepped out to get a can of coal-oil and then re-entered with it; that he heard nothing said by Zwinge relative to the case while the latter was in the jury-room and that the witness thought that if anything had been said he would have heard it. [3] The court was justified in treating the testimony of Serra as a sufficient denial of all improper conduct stated in the affidavits except the alleged "secret conversation" of one of the jurors with two witnesses for the prosecution. [4] The statement in the affidavit that the conversation between the juror and the two witnesses was "secret" is a mere conclusion of the affiant and not a statement of fact. What one person would consider secret another might not. The length of the conversation, the surrounding circumstances, the presence or absence of other persons in immediate proximity are not stated. Certainly a verdict should not be set aside on the ground of a witness' mere conclusion.

The judgment and the order denying a new trial are affirmed.

Plummer, J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 3, 1923, and the following opinion then rendered thereon:

THE COURT.—Appellant has filed a petition for a rehearing and, in effect, has moved the court to set aside the order of submission herein on the ground that his counsel was, through inadvertence, deprived of the privilege of arguing the cause in this court and filing a closing brief and of moving to correct the transcript on appeal.

The transcript was filed June 22, 1923. Appellant's opening brief was filed June 25th. The cause was placed on the September calendar, counsel for appellant duly notified thereof, and called for oral argument September 5th. No appearance was made for appellant. Respondent was granted ten days to file points and authorities and appellant ten days to reply, the cause then to stand submitted. Respondent's points and authorities were served by mail upon counsel for appellant and filed September 14th. Appellant failed to file a reply brief and on the 4th of October the judgment was affirmed.

In the affidavit of A. H. Carpenter, counsel for appellant, attached to and filed with the notice of motion to set aside the order of submission, affiant states that at some time unknown to him, after appellant's opening brief had been written and served, the district attorney called J. A. Serra, the deputy sheriff who had charge of the jury during the deliberations thereof, as a witness in rebuttal of the affidavits produced by appellant on his motion for a new trial and caused him to be examined in relation to the charges of misconduct specified in such affidavits, and that said oral testimony was afterward wrongfully inserted in the transcript on appeal without appellant's knowledge or consent. The transcript on appeal, however, shows that such oral testimony was taken at the hearing of defendant's motion for a new trial on the 25th of April, 1923, and on the hearing of the motion herein counsel for appellant admitted such to be the fact.

In said affidavit, for the purpose of showing inadvertence on his part in failing to appear at the oral argument or to file a closing brief, affiant states that he was out of the state from June 8th to September 27th and did not know that the case was on the September calendar for oral argument. **[5]** Inattention to his client's case because merely of voluntary absence from the state does not constitute such inadvertence as to excuse counsel's neglect. Notwithstanding the neglect of counsel, however, he was permitted, on the hearing of the motion herein, to argue the appeal on its merits.

Counsel for appellant insists that the record fails to show that the justice's court had jurisdiction of the action in which the alleged prior conviction was had and, in that connection, asserts that the complaint filed in the justice's court was "never admitted, but I had it inserted in the transcript to show it was necessary to be admitted to give the court jurisdiction." In making this statement counsel is again in error. At page 124 of the transcript appears the following, taken from the examination of the justice of the peace in whose court the prior conviction was had: "Mr. Carpenter: What is the next document? A. The complaint. Q. We offer the complaint in evidence. Mr. Huberty (District Attorney): No objection. The Court: Let it be accepted."

**[6]** It is urged that neither the aforesaid complaint in the justice's court nor the information herein stated a cause of action in that there is no allegation in either that the defendant's possession of intoxicating liquor was not within the exceptions contained in the Volstead Act making the possession of such liquors lawful under certain circumstances. It was not necessary to plead that the defendant's possession was not within such exceptions. (*Matter of Lieritz,* 166 Cal. 298 [135 Pac. 1129]; *Ex parte Hornef,* 154 Cal. 355 [97 Pac. 891]; *People* v. *Dial,* 28 Cal. App. 704 [153 Pac. 970].)

It is contended that it was error to permit the district attorney to introduce oral testimony at the hearing of the motion for a new trial, because section 658 of the Code of Civil Procedure provides that a motion for a new trial on the ground of misconduct of the jury "must be made upon affidavits." There are circumstances under which oral testimony may be admitted in such hearings. (*Saltzman* v. *Sun-*

*set Tel. etc. Co.,* 125 Cal. 501, 503 [58 Pac. 169].) Whether it is generally permissible to introduce oral testimony in opposition to a motion for a new trial, or whether it would have been error to admit such testimony in this case over a proper objection by defendant, need not be decided, because such oral testimony was admitted without objection. Had such objection been made and sustained by the court, doubtless the district attorney would then have offered the testimony in the form of an affidavit. [7] The defendant must be held to have waived any objection to the consideration of the oral testimony by the court by his failure to object to its admission.

[8] There is an error in the judgment which was not called to the attention of the court prior to the hearing of the motion to vacate the order of submission. The judgment provides that the defendant pay a fine of six hundred dollars and "in default of the payment of the fine that he serve one day in the county jail for each two dollars of the fine that remains unpaid." The maximum imprisonment for a second offense of the possession of intoxicating liquor is ninety days. (Volstead Act, tit. 2, sec. 29.) The judgment, therefore, is void to the extent that it directs imprisonment beyond the period of ninety days. (Pen. Code, sec. 1205; *People* v. *Goscinsky,* 52 Cal. App. 62 [198 Pac. 40]; *People* v. *Brenta, post,* p. 91 [220 Pac. 447].)

The last paragraph of the opinion heretofore filed herein, stating "the judgment and the order denying a new trial are affirmed," is stricken out and the following inserted in lieu thereof: "The judgment of the trial court is modified by adding thereto the words, 'provided, however, that the duration of such imprisonment for default in the payment of said fine shall not exceed ninety days,' and the judgment, as so modified, and the order denying a new trial are affirmed."

The motion to vacate the order of submission and the petition for a rehearing are denied.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 3, 1923.