[Crim. No. 1511.   Second Appellate District, Division One.—August 18, 1927.]

In the Matter of the Application of TERRY ADAMS for a Writ of Habeas Corpus.

LeRoy Reames and James Jaffray for Petitioner.

E. J. Lickley, City Prosecutor, and Vernon S. Gray, Deputy City Prosecutor, for Respondent.

YORK, J.—This is an application for a writ of *habeas corpus,* wherein the petitioner is attacking the sufficiency of two complaints, one charging him with possession of a certain still which was alleged to have been ''designed, used and intended to be used for the manufacture of alcoholic intoxicating liquors for beverage purposes, containing alcohol of more than one-half of one per cent by volume,'' which is therein alleged to be contrary to the provision of the Volstead Act, made and provided by title two of the National Prohibition Act, enacted by Congress of the United States on the twenty-eighth day of October, 1919 (27 U. S. C. A., § 4 et seq.; U. S. Comp. Stats., §§ 10138½–10138½z), and as adopted by the state of California (Stats. 1921, p. 79), and the other complaint charging said Terry Adams with having in possession certain alcoholic intoxicating liquors which are fit for use for beverage purposes, which did then and there contain more than one-half of one per cent by volume ''contrary to the provisions of the Volstead Act, made and provided by Title Two of the National Prohibition Act enacted by Congress of the United States on the 28th day of October, 1919 (27 U. S. C. A., § 4 et seq.; U. S. Comp. Stats., §§ 10138½–10138½z), and as adopted by the State of California.'' This complaint further alleges prior conviction of a similar offense.

The objection of the petitioner to the complaint as briefly stated by him in his closing brief is (1) possession is not a crime; (2) possession is not proof of a crime; (3) having possession does not charge a crime; (4) conclusions are not essential facts.

Our decision in this matter is based upon the following authorities: *People* v. *Cencevich,* 64 Cal. App. 39 [220 Pac.

448]; *People* v. *Buttulia,* 70 Cal. App. 444 [233 Pac. 401]; *In re Von Perhacs,* 190 Cal. 364 [212 Pac. 689], with a special reference to the opinion of the court on rehearing contained on page 368; *In re Hayward,* 62 Cal. App. 177 [216 Pac. 414]; *In re Moore,* 70 Cal. App. 483 [233 Pac. 805]; *Beyer* v. *United States,* 282 Fed. 226; *Page* v. *United States,* 278 Fed. 41; *Rose* v. *United States,* 274 Fed. 245; *People* v. *Silva,* 67 Cal. App. 351 [227 Pac. 976].

The supreme court denied an application for writ of *certiorari* in the case of *Page* v. *United States, supra,* in 258 U. S. 627 [66 L. Ed. 799, 42 Sup. Ct. Rep. 461, see, also, Rose's U. S. Notes Supp.], and denied *certiorari* in *Rose* v. *United States, supra,* 257 U. S. 655 [66 L. Ed. 419, 42 Sup. Ct. Rep. 97].

A great deal of the argument presented by the petitioner would have a great deal of force if presented upon a demurrer upon the ground of uncertainty, but we are dealing here with an application for a writ of *habeas corpus* after conviction, and while it is true that there are a great many circumstances under which possession of liquor in California is not a crime, the provisions under which liquor may be possessed are permissive provisions of the statute, and even in a case like that of *People* v. *Bonfanti,* 40 Cal. App. 614 [181 Pac. 80], it was held that the defect in omitting an express statutory exception in the information would not warrant a *reversal* of the judgment. The court said:

"An examination of the record immediately discloses that the omission in question affected the trial not at all; in fact, the trial proceeded as if the allegation were there. . . . It could not be contended, even by the defendant, that if the information had contained the statement that the victim of the assault was not his wife, the trial would have proceeded with one iota's difference from the course it took, or that the verdict of the jury or the judgment of the court would have been other than it was.

"Under these circumstances, it appears to us that there could hardly be a case to which to apply more appropriately the rule of decision laid down by the constitution."

The court was referring to section 4½ of article VI of our state constitution.

It was held in the case of *People* v. *Cencevich,* 64 Cal. App. 39 [220 Pac. 448], part of the opinion by the court on

petition for rehearing, page 44: "It is urged that neither the aforesaid complaint in the justice's court nor the information herein stated a cause of action in that there is no allegation in either that the defendant's possession of intoxicating liquor was not within the exceptions contained in the Volstead Act making the possession of such liquors lawful under certain circumstances. It was not necessary to plead that the defendant's possession was not within such exceptions. (*Matter of Lieritz*, 166 Cal. 298 [135 Pac. 1129] ; *Ex parte Hornef*, 154 Cal. 355 [97 Pac. 891] ; *People v. Dial*, 28 Cal. App. 704 [153 Pac. 970].)"

The law of California prohibits the possession of alcoholic intoxicating liquors fit for use for beverage purposes containing more than one-half of one per cent by volume of alcohol, excepting only when the liquor was obtained before the act went into effect and is kept in the owner's dwelling for use therein by him, his family, and *bona fide* guests, or in certain cases where certain permits are granted either for medicinal use, or, in accordance with certain of the provisions of the act, allowing special permission under special circumstances. In other words, it is unlawful to possess intoxicating liquor not permitted by any statutory authorization.

In the instant case it is not necessary for us to go further than to hold what the rule on an application for a writ of *habeas corpus* would be and we do not intend hereby to lay down any rule of law stating the law of California having reference to its applicability to a ruling on a special demurrer. Some of the cases which we have cited may go that far, but it is only necessary for us in this matter to consider strictly the ruling on *habeas corpus* after conviction.

As to the possession of the still charged in one of the complaints on which conviction was had, chapter 85, title II, section 25, 41 Stats. 315, as found on page 856 of Barnes' Federal Code, section 8352, Cum. Supp. 1919–24 (27 U. S. C. A., § 39; U. S. Comp. Stats., § 10138½m), provides: "It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title *or which has been so used,* and no property rights shall exist in any such liquor or property." (Italics ours.)

■ Therefore, it will be seen that the complaint charging possession of one still "which was designed, used and intended to be used for the manufacture of alcoholic intoxicating liquors for beverage purposes containing alcohol of more than one-half of one per cent by volume, which property and apparatus is described as follows: One Still contrary to the provisions of the Volstead Act, made and provided by Title Two of the National Prohibition Act enacted by Congress of the United States on the 28th day of October, 1919, and as adopted by the State of California," would, on the authority of the cases hereinbefore cited and the provisions of the said laws hereinbefore referred to, state a cause of action.

The writ of *habeas corpus* as heretofore issued is dismissed and the petitioner remanded to the custody of the respondent James C. Davis, as chief of police of the city of Los Angeles.

Conrey, P. J., and Houser, J., concurred.