[Crim. No. 1529.   Second Appellate District, Division One.—August 18, 1927.]

In the Matter of the Application of MAMIE BALDWIN for a Writ of Habeas Corpus.

A. T. Folsom for Petitioner.

E. J. Lickley, City Prosecutor, J. W. Matherly and F. W. Fellows for Respondent.

CONREY, P. J.—Mamie Baldwin, in whose behalf the petition was filed, is held in custody under two judgments of the municipal court of the city of Los Angeles, in causes numbered 07879 and 08870, which by stipulation were tried jointly before a jury. Each complaint charged the commission of a misdemeanor by having in possession alcoholic intoxicating liquors, etc. Each complaint alleged that the defendant, before the commission of the stated offense, had been convicted in the same court of another offense of like character to the one for which defendant was now being prosecuted. In the original petition on which the writ was issued herein, petitioner alleged that there was no finding by court or jury in said causes of any previous conviction. For this reason petitioner claimed that the judgments were in excess of the jurisdiction of the court in this, that in cause No. 07879 the court imposed a sentence of thirty days' imprisonment, whereas the maximum penalty that could have

been imposed would have been a fine of $500; and also in this, that in cause No. 08870 the court imposed a sentence of $750 or that in lieu thereof the defendant suffer imprisonment for a term of seventy-five days, whereas the maximum penalty that could have been imposed would have been $500 fine.

In the return to the writ it was stated that in each of said actions the defendant, at the time of entering her plea of not guilty to the pending charge, admitted the prior conviction as alleged in the complaint.

Thereafter by permission of this court petitioner filed an amended petition in which she alleged:

"Each of the complaints in said causes bears a memorandum notation 'Admits prior,' which is undated, unsigned, with no indication by whom it was placed there or at what time, such notation not appearing in the memorandum of proceedings on the back of the complaint, but appearing upon the face thereof, and there is no record in the proceedings of the court to show that the defendant made any admission of prior conviction of the offense alleged in the complaint in either case in open court during any of the proceedings therein in either case, the said anonymous notations on the said complaints being the only notations or memoranda regarding such alleged prior convictions, which appeared either in the files or records of either cause at the time of the sentence of the defendant in each of said causes; and said files and records do not now show any finding either by the court or the jury that the defendant, in either of said causes, had been previously convicted of the offense alleged in the complaint as a previous conviction."

Thereafter, by permission of this court, respondent amended the return to the writ so that in each case it is stated that the court by order entered in its minutes has amended its record so as to show that at the time of making her plea of not guilty to the pending charge the defendant admitted prior conviction of unlawful possession of intoxicating liquor as charged in the complaint. Further, in support of this amendment to the return, respondent filed a certified copy of the minutes of the municipal court, duly signed by the judge and certified by the clerk of the court. In each order amending minutes it is recited that it appearing that the proceedings referred to in the minutes as

originally entered are not fully and completely set forth, it is ordered that the record of the proceedings had herein at the stated date be amended to read as stated in the amending order. The minutes as thus amended state the fact of arraignment and that defendant pleaded not guilty to the pending charge, but admitted the prior conviction.

The fact appears to be that down to and including the time when the judgments were entered there was no record of the fact that defendant admitted prior conviction. Across the face of each complaint in a blank space there had been written the words ''Admits prior,'' but there had been no other record or attempt to make a record of admission of prior conviction, neither was there any finding by the court or jury upon a trial of that issue. But it now appears to be a fact, as shown by the corrected record of the minutes, that the defendant at the time of entering her plea did in each case admit the fact of the alleged conviction.

Counsel for petitioner contends that each one of said orders of amendment of the minutes of the municipal court was made without authority of law in this, that each of said orders was made *ex parte,* upon application of the prosecution, and without notice to defendant or defendant's counsel, and affected the substantial rights of the defendant; that from each of said orders of amendment of the minutes the defendant has appealed to the superior court, which appeal in each instance is now pending and undecided; that by reason of these facts petitioner is entitled to have this proceeding determined without reference to said orders of amendment of minutes and without consideration thereof.

We are satisfied that the municipal court had jurisdiction to enter the *nunc pro tunc* order amending its minutes. For the purpose of the present proceeding we are not concerned with any errors which the court may have committed in the exercise of such jurisdiction. There is definite authority that the court has power in a proper case to make such order of amendments of its minutes. (*Biaggi* v. *Romont,* 189 Cal. 675 [208 Pac. 892] ; *Halpern* v. *Superior Court,* 190 Cal. 384, 388 [212 Pac. 916].) Upon the record as now before us, showing the fact of prior conviction, it must be held that petitioner's claim that the judgments were in excess of the jurisdiction of the court in that each

of them imposed a sentence beyond the maximum lawful penalty, is without merit.

■ Petitioner further contends that the judgments are void because each of them was based on a complaint which failed to charge the defendant with a public offense in this, that it charged the defendant with mere possession of intoxicating liquor, "without stating that such liquor was any of the specific kinds of liquor described as intoxicating liquor by section 1 of title II of the National Prohibition Act (27 U. S. C. A., § 4; U. S. Comp. Stats., § 10138½), or that it was other than those specifically defined as intoxicating liquor, containing the prohibited amount of alcohol, and further failed to set forth any facts which would render such possession unlawful."

The complaints are substantially alike. In each case it is represented that at the place and time stated the defendant did wilfully and unlawfully have in possession "certain alcoholic intoxicating liquors, which are fit for use for beverage purposes, which did then and there contain more than one-half of one per cent by volume of alcohol, contrary," etc.

"All acts or omissions prohibited or declared unlawful by the eighteenth amendment to the constitution of the United States or by the Volstead Act are hereby prohibited and declared unlawful; and violations thereof are subject to the penalties provided in the Volstead Act." (Sec. 2 of the California statute commonly known as the Wright Act (Stats. 1921, p. 79); Deering's Gen. Laws, 1923 ed., Act 3784.)

It is provided by the Volstead Act that "No person shall . . . possess any intoxicating liquor except as authorized in this Act, and all the provisions of this Act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented." (Barnes' Federal Code, 1919–24 Cum. Supp., p. 849; 27 U. S. C. A., § 12; U. S. Comp. Stats., § 10138½aa.)

The Volstead Act provides that the phrase "intoxicating liquor" shall be construed to include alcohol and other specified liquors, "by whatever name called, containing one-half of 1 per centum or more of alcohol by volume which are fit for use for beverage purposes." We are of the opinion that the description of the liquor alleged to have been held

in possession by the defendant, without designating by name the particular kind of liquor (as, for example, that it was whisky or that it was wine), does not prevent the complaint from stating a cause of action. (*People* v. *Silva*, 67 Cal. App. 351 [227 Pac. 976].) We are further of the opinion that such complaint may state a cause of action without specifying that defendant's possession of the liquor was not within one of the exceptions authorized by the Volstead Act. (*People* v. *Cencevich*, 64 Cal. App. 39, 44 [220 Pac. 448].)

It is ordered that the prisoner be remanded to custody.

Houser, J., and Shaw, J., *pro tem.*, concurred.