[Crim. No. 691. Second Appellate District, Division One.—January 26, 1920.]

## THE PEOPLE, Respondent, v. JOSE MORALES, Appellant.

[1] CRIMINAL LAW—PROSECUTION FOR SALE OF LIQUOR IN "NO-LICENSE TERRITORY" — ADMISSION OF EVIDENCE OF SUBSEQUENT SALES — PREJUDICIAL ERROR.—In a prosecution of a defendant accused of having, on a certain specified date, in certain "no-license territory," sold, furnished, distributed, and given away alcoholic liquors, the defendant having denied under oath that he had made the alleged

sale, the admission, over his objection, of testimony of subsequent sales of alcoholic liquors by the defendant constitutes prejudicial error and denial of a fair trial.

APPEAL from a judgment of the Superior Court of Riverside County. Hugh H. Craig, Judge. Reversed.

The facts are stated in the opinion of the court.

M. Estudillo and W. C. Davison for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and Thomas A. Wood for Respondent.

JAMES, J.—Defendant has appealed from a judgment directing that he pay a fine in the sum of six hundred dollars or suffer the alternative of imprisonment until the fine be satisfied in the proportion of two dollars for each day that he shall be so imprisoned. An appeal is also taken from an order denying a motion for a new trial.

[1] Appellant was accused of having, on the twenty-second day of June, 1919, in certain "no-license territory," sold, furnished, distributed, and given away alcoholic liquors. These acts, under the provisions of the statute known as the Wyllie law, constitute a high grade misdemeanor. The principal evidence showing that appellant had on the day charged committed the alleged crime was that furnished by two detectives, who testified that two pints of whiskey were delivered to one of them, for which six dollars was paid for each pint. The defendant testified and denied that he had sold the whiskey as charged. Over the objection of defendant, the prosecution was permitted to show that the appellant, on the 25th of June, three days after the alleged commission of the offense charged, had sold some drinks of whisky, and that on July 12th he had sold and offered to deliver a number of half-pint bottles of the same kind of liquor. Evidence was also admitted showing that a raid was made on the premises of appellant on the 14th of July, 1919, and that a number of bottles of whisky were found upon the premises. When testimony as to the subsequent sales of the whisky was offered, appellant's counsel made objection on the ground that such testimony was incompetent, irrelevant, and immaterial. Counsel for the people evidently

assumed the testimony was competent, for he stated to the court, when confronted with the objection, that he was offering it "on the ruling that prior or subsequent evidence may be shown to prove the probability or improbability of the offense." The trial judge agreed with the prosecutor that the testimony was admissible, although he instructed the jury that it was not "evidence of the authenticity of the offense of the 22d, but because of the rule that permits such testimony." That this testimony, in view of the denial made by the defendant that he had sold any liquor to the detectives, was highly prejudicial, cannot be doubted. Had the evidence referred only to the alleged transaction occurring on June 22d, the jury might have been left with a reasonable doubt as to the guilt of the defendant. But with evidence of repeated sales accumulated before it, it is quite natural that such doubt would be dissipated. Evidence of other offenses committed, both before and after that charged against a defendant, is sometimes admissible. The cases, however, in which such proof may be made have been classified by the California courts. We find that such evidence is admissible where it tends to establish a material fact in the particular offense charged, or a motive therefor. (*People* v. *Lane*, 101 Cal. 513, [36 Pac. 16]; *People* v. *Hatch*, 163 Cal. 368, [125 Pac. 907]; *People* v. *Walters*, 98 Cal. 138, [32 Pac. 864].) It is admissible, also, where a specific intent is a material ingredient of the offense charged. (*People* v. *Bercovitz*, 163 Cal. 636, [43 L. R. A. (N. S.) 667, 126 Pac. 479]; *People* v. *Mc-Glade*, 139 Cal. 66, [72 Pac. 600]; *People* v. *King*, 23 Cal. App. 259, [137 Pac. 1076]; *People* v. *Zimmerman*, 11 Cal. App. 115, [104 Pac. 590].) It is admissible, also, where sexual crimes are charged, to prove the inclination or lascivious disposition of a defendant. (*People* v. *Koller*, 142 Cal. 621, [76 Pac. 500].) The charge here involved does not fall within either classification adverted to; in fact, in similar cases it has been directly held to the contrary. (See *People* v. *Clark*, 28 Cal. App. 670, [153 Pac. 719]; *People* v. *Dial*, 28 Cal. App. 704, [153 Pac. 970].) In the case first cited, a reversal of the judgment was ordered because of the admission of such improper testimony and it was there held that a miscarriage of justice had resulted in consequence of such error. In the latter case, the judgment was

not reversed because of the provisions of section 4½ of article VI of the constitution, the court observing that no evidence was offered by the defendant, except the testimony of one witness, which did not refer to the particular act there charged. The record in this case, as has already been observed, shows that the defendant denied under oath that he had made the alleged sale. We think that the case cannot properly be brought within the saving grace of the constitutional provision. The errors complained of, in our opinion, were prejudicial to such a degree as to have deprived the defendant of a fair trial.

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.