[Crim. No. 2551. In Bank.—February 20, 1923.]

In the Matter of the Application of JOHN FRANKO-
VITCH for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — INTOXICATING LIQUORS — WRIGHT ACT — JUDG-
MENT.—A judgment upon a conviction under the Wright Act that
the defendant "pay a fine of $500 or be confined in the City Jail
for the period of six months upon his failure to pay said fine,"
is one imposing a sentence for six months, giving the party con-
victed the opportunity of escaping such punishment by the pay-
ment of a fine, and is valid.

APPLICATION for a Writ of Habeas Corpus to release
one convicted of violation of the Wright Act. Writ denied.

The facts are stated in the opinion of the court.

J. Morgan Marmaduke for Petitioner.

THE COURT.—Petitioner seeks the release of John Franko-
vitch on *habeas corpus*. Frankovitch was convicted of sell-
ing liquor in violation of the Wright Act (Stats. 1921,
p. 79), "and judgment was passed upon him to this effect:
that he, the said John Frankovitch, was to pay a fine of
$500.00 or be confined in the City Jail for the period of
six months upon his failure to pay said fine." On Febru-
ary 13, 1923, Frankovitch notified the trial court that he
was unable to pay the fine or any part thereof, whereupon
he was committed to the county jail for the period of six
months. The Volstead Act (41 Stat. 305) provides that for
the first offense the person who sells liquor shall be fined
not more than a thousand dollars, or suffer imprisonment
not exceeding six months. It is claimed that this provision,
adopted by our Wright Act, does not justify the alternative
judgment imposed upon Frankovitch, because such judg-
ment, in effect, provides for imprisonment for the nonpay-
ment of the fine. [1] On the other hand, we think the
judgment, properly construed, is one imposing a sentence
of imprisonment for six months, but gives the party
convicted the opportunity of escaping such punishment by
the payment of a fine. Having failed to pay the fine he is
in no position to complain of the imprisonment.

Writ denied.

Wilbur, C. J., Waste, J., Myers, J., Lennon, J., Seawell, J.,
Kerrigan, J., and Lawlor, J., concurred.