[Crim. No. 1013.   Second Appellate District, Division One.—November 5, 1923.]

THE PEOPLE, Respondent, v. HUGH SMITH, Appellant.

[1] CRIMINAL LAW—SALE OF INTOXICATING LIQUORS—OTHER OFFENSES —EVIDENCE—ERROR—APPEAL.—In a prosecution for the offense of selling intoxicating liquor, it is error to permit the prosecution, over the objection of defendant, to introduce evidence showing the commission by defendant of offenses of the same character as that with which he is charged and occurring on separate days from the one specified in the information; and the correctness of such ruling, and the effect of the admission of such evidence, may be reviewed by the appellate court on an appeal from the judgment of conviction.

---

Admissibility of evidence of other crimes in prosecution for violation of the liquor law, notes, 18 Ann. Cas. 846; 62 L. R. A. 230, 290, 325.

APPEAL from a judgment of the Superior Court of San Diego County. S. M. Marsh, Judge. Reversed.

The facts are stated in the opinion of the court.

Shreve, Dorn & Shreve and B. F. Tyler for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant was convicted of the offense of selling intoxicating liquor contrary to the statute in such cases made and provided. He appeals from the judgment only.

[1] On the trial, over the objection of defendant, evidence was introduced showing the commission by defendant of offenses of the same character as that with which he was charged and occurring on separate days from the one specified in the information. This evidence was rebutted by several witnesses on behalf of defendant. A motion by defendant to strike out the testimony to which he had objected was denied by the court. In connection therewith and at the close of the case, among other instructions, the jury was charged that "that testimony was received, not for the purpose of establishing a separate misdemeanor or offense, but merely as a circumstance indicating what the probabilities are as to whether or not he did make the sale in question. . . . This is, as I say, that testimony as to those other sales or that other sale, is merely for the purpose of helping you determine whether or not he did sell on the fourth day of February."

In the case of *People* v. *Morales*, 45 Cal. App. 553 [188 Pac. 58], the charge contained in the information was that on a certain date defendant had illegally sold alcoholic liquors. On the trial of that case, as here, evidence of sales of alcoholic liquor on other days than that specified in the information was admitted over defendant's objection; and the court, after citing California authorities bearing upon the matter, reached the conclusion that the error was so prejudicial to defendant's rights as to require a reversal of the judgment. The case of *People* v. *Amort*, 60 Cal. App. 29 [212 Pac. 50], *People* v. *Clark*, 28 Cal. App. 670

[153 Pac. 719], and *People* v. *Dial,* 28 Cal. App. 704 [153 Pac. 970], uphold the same principle, although in the latter case (in which the authorities generally are reviewed), where it appeared that there was no denial by defendant of the commission of the offenses other than the one of which he was accused in the information and that defendant's guilt was clearly established, under the provisions of section 4½ of article VI of the constitution the judgment was affirmed on the ground that there had been no miscarriage of justice. The "saving grace" of the constitutional provision cannot be here invoked. Defendant used every means within his power in the way of objections to the admission of the evidence regarding other offenses, as well as by making a motion to strike the evidence, which was followed not only by his own denial of the alleged transactions, but also by independent evidence tending to establish his innocence thereof. Neither did the instructions given by the court to the jury remove the prejudice against defendant which must have been created by the reception of the objectionable evidence of such former sales of liquor by defendant. While it may be that without such evidence of other sales the case made out against defendant is strong enough to support the judgment, the great probabilities are that the evidence of other violations of the statute contributed to the verdict, if such evidence was not the controlling factor in its inducement. It is a dangerous practice and one which is not in keeping with American ideals to charge a man with one offense and on his trial therefor either to prove, or offer to prove, that he has at other times and places committed offenses of a nature similar to the one of which he is accused. There are certain cases in which the courts have held that where the evidence of other offenses tends to establish a motive, or a system, or the inclination of the accused to commit a particular crime, or even for the purpose of establishing a fact material to the offense charged, such evidence is admissible; but if such principle be once extended to cases which do not include anything involving the characteristics to which reference has been made, rights of persons may be placed in jeopardy by reason of the temptation on the part of prosecuting officers, where they may be entirely and honestly, although perhaps erroneously, convinced of the guilt of a defendant, to use evidence tending

to show the commission by the defendant of other crimes, for the purpose of assuring a conviction in the case on trial. To charge a man with murder, and on his trial to be permitted to prove the commission by him of a long line of other disconnected offenses, which course has been unanticipated by the defendant and regarding which he is utterly unprepared to make defense, might, and in many cases would, result in unjustly exacting the supreme penalty on slight evidence of guilt, or, on an accusation of a lesser offense, bring about an entirely undeserved punishment.

Respondent's contention that the matter to which we have referred cannot be considered by this court on an appeal from the judgment is not well founded. Section 1259 of the Penal Code, among other things, provides that upon an appeal taken by the defendant "the appellate court may, . . . review any question of law involved in any ruling, order, instruction, or thing whatsoever said or done at the trial or prior to or after judgment, which thing was said or done after objection made in and considered by the lower court, and which affected the substantial rights of the defendant."

Without considering other reasons urged by appellant, it is ordered that the judgment herein be and the same is reversed.

Conrey, P. J., and Curtis, J., concurred.