[Crim. No. 749. Third Appellate District.—May 15, 1924.]

## THE PEOPLE, Respondent, v. MARY PAGNI, Appellant.

[1] CRIMINAL LAW—UNLAWFUL SALE OF INTOXICATING LIQUOR—PROOF OF OTHER SALES—GENERAL RULE.—In a prosecution for a particular sale of intoxicating liquor, the general rule prohibiting the proof of other crimes, though of a similar character, governs.

---

1. Evidence of other crimes in prosecution for violation of liquor law, notes, 18 Ann. Cas. 846; 62 L. R. A. 230, 290, 325. See, also, 8 Cal. Jur. 58; 15 R. C. L. 397; 8 R. C. L. 198.

[2] Id.—Testimony of Other Sales—Absence of Motion to Strike Out—Effect of Testimony upon Jury.—In a prosecution for a single unlawful sale of intoxicating liquor, a prosecution witness having testified that on a date prior to the single sale forming the basis of the prosecution he purchased two glasses of wine from the defendant, which testimony the defendant did not move to strike out although it was objected to "for the sake of the record," and then having further testified that on the same visit he purchased a bottle of wine from defendant, objection being made to the admission of said bottle of wine in evidence, but no motion being made to strike out the proof of the sale thereof, it is not probable, in view of the fact that the proof of the sale of the two glasses of wine remained unchallenged in the record, that the jury was further influenced by the proof of an additional sale to the same person at the same time.

[3] Id.—Intent—Instruction Limiting Scope of Testimony—Absence of Prejudice.—In such prosecution, if the jury obeyed the instruction of the court limiting the testimony of such prosecution witness to the question of intent, an issue which the prosecution was not required to prove in the case, the defendant was not prejudiced by the proof of other sales.

[4] Id.—Proof of Other Sales—Timely Objections—Necessity for. In such prosecution, although proof of other sales was not material to any issue in the case, the defendant should have made seasonable objection thereto, or, if there was no opportunity to object, she should have made a motion to strike out the objectionable testimony; and in view of the whole record, it cannot be said that errors in admitting the objectionable testimony resulted in a miscarriage of justice.

[5] Id.—Sentence—Jurisdiction.—In such prosecution, the contention "that the trial court exceeded its jurisdiction in meting out a sentence of imprisonment alone; . . . that the sentence should be in the alternative. That in addition to the jail sentence . . . she should be given the right to escape this sentence by the payment of a fine," is untenable.

---

(1) 16 **C. J.**, p. 605, sec. 1174.   (2) 17 **C. J.**, p. 71, sec. 3336, p. 317, sec. 3662.   (3) 33 **C. J.**, p. 597, sec. 221, p. 746, sec. 481. (4) 17 **C. J.**, p. 56, sec. 3331, p. 71, sec. 3336, p. 317, sec. 3662. (5) 33 **C. J.**, p. 796, sec. 553.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge. Affirmed.

---

2. See 8 **Cal.** Jur. 615; 2 **Cal.** Jur. 1020; 2 **R. C. L.** 247.
4. See 8 **Cal.** Jur. 240; 2 **R. C. L.** 70.
5. See 14 **Cal.** Jur. 752.

The facts are stated in the opinion of the court.

Merlin W. Stewart and Clifford A. Russell for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was charged with a single unlawful sale of intoxicating liquor, alleged to have been made in April, 1923. She was convicted and this appeal is from the judgment of conviction and the order denying her motion for a new trial.

Allen B. Silvius, a detective employed by the grand jury during April, 1923, testified that in the early evening of April 21st he went to defendant's residence and asked for wine; that defendant said she was afraid to sell any wine but gave the witness a drink, for which she made no charge and "said to come back a little later"; that he returned at about 11 o'clock the same evening and asked her for a bottle of wine; that she then gave him a bottle of wine, for which he paid her one dollar; and that he turned the bottle of wine over to the chief of police. The bottle of wine was admitted in evidence. A chemist testified that the wine contained 11.95 per cent of alcohol by volume.

H. A. Rodness, a police officer of Sacramento, testified that on the 28th of February, 1923, he and a "lady operative" went to defendant's residence. His examination then proceeded as follows: "Q. And did you see Mrs. Pagni at that time? A. We did. Q. Have any conversation with her? A. We did. Q. And what was that conversation? . . . A. Went there with a lady friend the first time, at ten thirty, and we went in there and knocked on the door, and the first thing she says, she says: 'What do you want?' I says: 'We want some drinks,' and she asked what I wanted, and I said I wanted wine. She dished us each out a glass of wine, and I gave her a dollar for the two glasses of wine. Mr. Stewart: Well, Mr. Henderson, what is the purpose of that? Mr. Henderson: We are introducing this testimony . . . to show intent to violate the law. The Court: To show an intent to make a sale? Mr. Henderson: To show an intent to make a sale. . . . Mr. Stewart: For the sake of the record, I make the objection that it is incompetent, irrelevant and immaterial. The

67 Cal. App.—20

Court: Objection will be overruled. . . . The evidence of this sale is not admissible to prove that the defendant made the sale as charged in the indictment but, if there is evidence introduced that satisfies you that she did make the sale alleged in the information, then this evidence may be considered by you in ascertaining or determining the intent of the defendant in making the sale.'' The district attorney then proceeded, without objection, to prove that on the same occasion the defendant treated the police officer and his lady friend to wine and that he purchased a bottle of wine from defendant. This bottle of wine was admitted in evidence and the testimony shows that it contained 13½ per cent of alcohol. Counsel for defendant objected to the admission in evidence of the bottle of wine and the objection was overruled. The defendant testified on direct examination as follows: ''Q. I will ask you, Mrs. Pagni, if you know Allen B. Silvius? A. No, I don't know him. Q. Referring to People's Exhibit One, I will ask you if you, on the 21st day of August, sold this to Mr. Silvius, for the sum of one dollar? A. I didn't sold it to him; this is mine, but not the other one. . . . I paid the fine already for that. . . . Q. I will ask you, Mrs. Pagni, if, on the twenty-eighth day of February, 1923, you sold this bottle to Mr. Rodness? A. I sold to the lady that he was with him, because she was my friend all the time.'' On cross-examination she testified: ''Q. Referring to People's Exhibit One, Mrs. Pagni, did you say that you did not sell that to Mr. Silvius? A. No; I had no such a quality as the wine in my house. My wine were black. Q. Your wine is black? A. I had it, just a half gallon, that the policeman took away from me. Q. Now, you have been accustomed to having wine upon your premises, Mrs. Pagni, haven't you? A. Some time I go from washing in another person's house, and they give me, sometimes, a gallon of wine, for my own use. . . . Q. Now, this second bottle, People's Exhibit Two, Mrs. Pagni, you say you did sell that bottle to a woman with officer Rodness because she was a friend of yours? A. The first bottle, I mean to say. Q. Well, which one is the first? Mr. Stewart: Well, if the court please, I want it understood that the first bottle merely goes to the intent. . . . Q. Then, People's Exhibit Two was the bottle that you sold to Mr. Rodness and the woman that was with him? A. Yes, sometime, if she will bring me a bottle of

brandy, . . . the sort I would not wash my hand in, rather
than I would give that bottle of wine to her. And the man
that he was with that lady, he threw up a dollar on the
table for me. Then I went away. I told him I didn't want
any money whatever."

Appellant contends that the court erred in admitting
evidence of other sales than the one charged. **[1]** In a
prosecution for a particular sale of intoxicating liquor, the
general rule prohibiting the proof of other crimes, though
of a similar character, governs. (*People* v. *Smith,* 64 Cal.
App. 344 [221 Pac. 405]; *People* v. *Amort,* 60 Cal. App. 29
[219 Pac. 50]; *People* v. *Morales,* 45 Cal. App. 553 [188
Pac. 58]; *People* v. *Clark,* 28 Cal. App. 670 [153 Pac. 719];
*People* v. *Dial,* 28 Cal. App. 704 [153 Pac. 970].) These
decisions are in accord with the great weight of authority
in other jurisdictions, although there are decisions to the
contrary. There are exceptions to the general rule, as in
prosecutions for other crimes, but this case does not fall
within any of the exceptions. (For numerous cases bearing
upon the general rule and the exceptions thereto, see First
and Second Decennial Digests, Criminal Law, secs. 369[6],
371[10] and 372[2], and note, 18 Ann. Cas. 846.)

Rodness testified, without objection, that he purchased
two glasses of wine from defendant on the 28th of Febru-
ary. After a conversation between counsel for defendant
and the district attorney, the former entered an objection
"for the sake of the record," but at no time moved to
strike out the testimony. Thereafter, without objection,
Rodness testified that on the same visit he purchased a
bottle of wine from defendant. The defendant objected to
the admission of the bottle of wine in evidence, but did
not move to strike out the proof of the sale thereof. **[2]**
Since the proof of the sale to Rodness of the two glasses
of wine remained unchallenged in the record, it is not
probable that the jury was further influenced by the proof
of an additional sale to the same person at the same time.
**[3]** The court limited the testimony of Rodness to the
question of intent, an issue which the prosecution was not
required to prove in this case. If the jury obeyed this in-
struction, the defendant was not prejudiced by the proof
of the other sales. The danger to be apprehended from
the proof of other offenses is that the jury may draw un-
warranted inferences therefrom.

The admissions volunteered by the defendant while under cross-examination were probably more damaging to her case than the proof of other sales. The jury would have been justified in inferring therefrom that she was in the habit of keeping intoxicating liquors at her residence. It may be further noted that while Silvius testified that he purchased wine from defendant on the 21st of April, her denial is that she sold him wine on the 21st of August. This difference in dates may be due to an error in the reporter's transcript, but no suggestion has been made to that effect. [4] It seems clear that proof of other sales was not material to any issue in this case, but the defendant should have made seasonable objection thereto or, if there was no opportunity to object, she should have made a motion to strike out the objectionable testimony. In view of the whole record, it cannot be said that the errors complained of have resulted in a miscarriage of justice.

[5] The court sentenced the defendant to imprisonment in the county jail for a term of six months. It is contended "that the trial court exceeded its jurisdiction in meting out a sentence of imprisonment alone; . . . that the sentence should be in the alternative. That in addition to the jail sentence . .". she should be given the right to escape this sentence by the payment of a fine," citing *In re Frankovitch*, 190 Cal. 440 [213 Pac. 39]. The contention has been held untenable by this court in the case of *People* v. *Lamb*, *ante*, p. 263 [227 Pac. 969].

The judgment and the order are affirmed.

Plummer, J., and Weyand, J., *pro tem.*, concurred.