[Crim. No. 748.   Third Appellate District.—May 23, 1924.]

THE PEOPLE, Respondent, v. JOHN MORI, Appellant.

[1] CRIMINAL LAW—SALE OF INTOXICATING LIQUOR—EVIDENCE OF SUBSEQUENT SALE—INADMISSIBILITY OF.—In a prosecution based on a charge of an illegal sale of intoxicating liquor, evidence of

1. Evidence of other crimes in prosecution for violation of liquor law, notes, 18 Ann. Cas. 846; 62 L. R. A. 230, 290, 325. See, also, 8 Cal. Jur. 58; 15 R. C. L. 397.

an alleged sale made subsequent to the one forming the basis of the prosecution is inadmissible.

[2] ID.—ADMISSION OF EVIDENCE OF SUBSEQUENT SALE—PREJUDICIAL ERROR.—In such prosecution, the defendant is prejudiced by evidence of such subsequent sale, which is admitted over his objection, and which the trial court, over defendant's objection, instructs the jury is admitted merely for the purpose of showing the character of the place and the purpose of the defendant, where to say that its introduction did not result in a miscarriage of justice, is to assume that the jury only considered the testimony of a witness as to the prior sale.

---

(1) 16 C. J., p. 605, sec. 1174.    (2) 17 C. J., p. 320, sec. 3662.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. John F. Pullen, Judge. Reversed.

The facts are stated in the opinion of the court.

George H. Foote and H. W. Zagoren for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

WEYAND, J., *pro tem.*—From a judgment of the superior court of the county of Sacramento, adjudging defendant guilty of a violation of the statute relating to the unlawful sale of intoxicating liquors, defendant prosecutes this appeal.

The defendant was charged with an illegal sale of intoxicating liquor on the —— day of July, 1923. The proof disclosed a sale to one Robbins, a deputy sheriff, on July 28, 1923. As a part of the proof adduced by the district attorney, one Donald Cox, also a deputy sheriff, testified, under objection by the defendant, as to purchasing liquor, on August 19th, at the place of business of the defendant, and at the same place where the alleged first sale of liquor was made, the purchase being from a bartender of the defendant, but in the presence of the defendant Mori. Before the introduction of this evidence in relation to a sale of liquor on August 19th, the attorneys for the defendant moved the court to restrict the district attorney from offering testimony of

---

2.   See 2 Cal. Jur. 1020; 8 Cal. Jur. 614; 2 R. C. L. 247.

the August sale of liquor. The trial judge refused to so do. Upon the offer being made of such testimony, objection was again made to its introduction, and after it had been given before the jury motion was made to strike it from the record. It was admitted, as part of the case in chief, and was allowed to remain in the record.

During the trial, and before giving the regular instructions, the trial court gave the jury a special instruction as to this testimony relating to the August sale, in part in the following language: ''Testimony introduced this morning by Mr. Cox in which he is alleged to have made certain purchases, . . . is admissible not for the purpose of proving another distinct offense upon that charge, but showing the character of the place, and purpose of the defendant; now that is the sole object for which that testimony was admitted, but not for the purpose of showing any distinct or particular crime at that particular time, merely for the purpose of showing character of the place and the purpose of the defendant.'' Special objection was made to this instruction, and the same was assigned as error.

[1] The evidence was clearly inadmissible, and it has been repeatedly so held, as may be seen by the following cases: *People* v. *Morales,* 45 Cal. App. 553 [188 Pac. 58], and *People* v. *Smith,* 64 Cal. App. 344 [221 Pac. 405]. In the last-named case the facts were substantially the same as in the present action. [2] To say this did not result in a miscarriage of justice, is to assume that the jury only considered the testimony of the witness Robbins as to the sale made to him. What was said by Justice Houser of division one of the second appellate district in the case of *People* v. *Smith,* above cited, is applicable here: It was there said: ''The 'saving grace' of the constitutional provision cannot be here invoked. Defendant used every means within his power in the way of objections to the admission of the evidence regarding other offenses, as well as by making a motion to strike the evidence, which was followed not only by his own denial of the alleged transactions, but also by independent evidence tending to establish his innocence thereof. Neither did the instructions given by the court to the jury remove the prejudice against the defendant which must have been created by the reception of the objectionable evidence of such former sales of liquor by defendant. While it may be that without such evidence of other sales the case

made out against defendant is strong enough to support the judgment, the great probabilities are that the evidence of other violations of the statute contributed to the verdict, if such evidence was not the controlling factor in its inducement. It is a dangerous practice and one which is not in keeping with American ideals to charge a man with one offense and on his trial therefor either to prove, or offer to prove, that he has at other times and places committed offenses of a nature similar to the one of which he is accused.''

In several recent cases proof of another offense was permitted, but in each case there were some special circumstances which clearly showed that no special harm could have come to defendant by reason of such evidence.

The judgment and the order denying a new trial are reversed.

Plummer, J., and Finch, P. J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 17, 1924.

All the Justices concurred.