[Crim. No. 908.   Third Appellate District.—June 17, 1926.]

## THE PEOPLE, Respondent, v. JOE AVILA, Appellant.

[1] CRIMINAL LAW—UNLAWFUL POSSESSION OF INTOXICATING LIQUOR
—REFUSED INSTRUCTION—ABSENCE OF ERROR—In a prosecution for
the unlawful possession of intoxicating liquor the defendant is not
entitled to a reversal because of the trial court's refusal to give
certain instructions requested by him, where the instructions given
by the court to the jury included all the salient features of the
refused instructions and fully told the jury the law applicable to
the case.

[2] ID.—EVIDENCE OF PRIOR POSSESSION OF LIQUOR—INADMISSIBILITY
OF.—In a prosecution for the unlawful possession of intoxicating
liquor evidence of prior possession of liquor is not admissible.

[3] ID.—ERRONEOUS ADMISSION OF EVIDENCE OF PRIOR POSSESSION—
ABSENCE OF PREJUDICE TO DEFENDANT.—In such prosecution, the
erroneous admission of evidence showing prior possession of intoxi-
cating liquor (there being no attempt made to show the char-
acter of such prior possession) was not prejudicial to defend-
ant in view of the other evidence in the case.

[4] ID.—SECTION 33, VOLSTEAD ACT—CONSTRUCTION OF.—Section 33
of the Volstead Act, relative to the possession of intoxicating
liquors for beverage purposes, which may be lawful, refers to
and must be held to refer to intoxicating liquors procured prior
to the date mentioned in section 3 of said act.

(1) 16 C. J., p. 1063, n. 85; 33 C. J., p. 791, n. 47.   (2) 16 C. J.,
p. 586, n. 98, p. 605, n. 16; 33 C. J., p. 760, n. 30.   (3) 17 C. J.,
p. 317, n. 10, p. 321, n. 47, p. 324, n. 68.   (4) 16 C. J., p. 930, n. 93;
33 C. J., p. 502, n. 11, p. 786, n. 46.

APPEAL from a judgment of the Superior Court of
Stanislaus County.  J. C. Needham, Judge.  Affirmed.

The facts are stated in the opinion of the court.

V. F. Gant for Appellant.

1. See 8 Cal. Jur. 314; 14 R. C. L. 752.
2. Evidence of other offenses in prosecution for violation of
liquor law, see notes in 3 A. L. R. 1555; 22 A. L. R. 1020; 27 A. L. R.
358. See, also, 8 Cal. Jur. 58, 59.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of the offense of unlawfully having in his possession intoxicating liquor and sentenced to pay a fine of six hundred dollars, this being a second offense. The information charges the commission of the offense on or about the twenty-third day of May, 1925. The information also contained a second count charging the offense of maintaining a nuisance. This count, however, was dismissed. Upon this appeal the appellant urges two specific errors as grounds for reversal: 1. That the court erred in refusing certain instructions requested by the defendant; 2. That the court erred in admitting evidence of a prior search of the premises occupied by the defendant. The evidence in the case tended to show that the place of the commission of the offense was occupied by the defendant as his private dwelling. The intoxicating liquor for the possession of which the defendant was prosecuted was found in the bathroom of the premises occupied by the defendant, contained in a jug wrapped with a newspaper and concealed behind the bathtub in the bathroom. [1] The instructions requested by the defendant and not given by the court are as follows:

"If, after a consideration of the whole case, any juror should entertain a reasonable doubt of the guilt of the defendant, it is the duty of the juror so entertaining such doubt not to vote for a verdict of 'guilty' nor to be influenced in so voting for the single reason that a majority of the jury should be in favor of a verdict of 'guilty.'"

"In this case as in every criminal case, the guilt of the defendant must be established to a moral certainty and beyond a reasonable doubt before he can be convicted, and the burden of proof rests upon the people to prove the defendant guilty as charged in the information to a moral certainty and beyond a reasonable doubt, and unless the people so prove every material allegation in the information, you must find the defendant not guilty. Each defendant is by law presumed to be innocent of the crime charged, and this presumption remains with every defendant throughout the trial, and during your deliberation on your verdict, it is your duty, if it can consistently be done, to reconcile all

the evidence in this case upon the theory that the defendant is innocent, and so long as any one of you have from the evidence in the case a reasonable doubt of the guilt of the defendant such defendant cannot be convicted. If any one of you, after a full consideration of all the evidence in this case has a reasonable doubt of the guilt of the defendant said defendant cannot be convicted.''

''You are further instructed that if you find that the prosecution in this case has failed to establish any one single material element of the offense charged, then under such finding you shall render a verdict of not guilty and acquit the defendant.'' ·

The reasons assigned for the refusal to give the foregoing instructions are that the substance thereof was included in other instructions given by the court to the jury. An examination of the record shows that the jury in this case was very fully instructed as to the law applicable thereto. The jury was advised in a number of instructions that the defendant could not be convicted unless the jury was satisfied from the evidence beyond a reasonable doubt as to the guilt of the defendant; that the burden of proof rested upon the prosecution to so satisfy the jury concerning every element necessary to constitute the offense, and that the concurrence of twelve jurors was necessary before a verdict could be rendered. While it has been held several times that an instruction framed along the line of the first one set forth herein is proper to be given to the jury, from the fact that the jury in this case was instructed so many times that conviction could be had only when the jury was satisfied beyond a reasonable doubt from the testimony as to the defendant's guilt, we think that no substantial injury resulted to the appellant from the failure of the court to give the instruction in the language requested by the appellant. The jury was also very carefully instructed that the defendant could not be convicted upon proof of the mere fact of the possession of intoxicating liquor, that the testimony must go further and show that the possession was unlawful. Without setting forth the instructions in detail, it is sufficient to say that in this case the instructions given by the court to the jury included all the salient features of the refused instructions and were prepared with as much care and set forth the law applicable to the case as fully and completely as ordinarily characterize cases of much graver import.

[2] Upon the trial of the case the court permitted the prosecution to prove over the objection of the defendant that on or about the twelfth day of January, 1925, an officer searched the premises occupied by the defendant and found therein intoxicating liquor. This ruling of the court is assigned as error. No evidence was introduced tending to show whether the liquor so found was either lawfully or unlawfully possessed. The mere fact of finding liquor only appears in the testimony. The trial court apparently took the view that upon the trial of one charged with the unlawful possession of liquor, prior possession of liquor might be shown. In this ruling we think the court was in error. The unlawful possession of liquor does not involve a continuing offense, such as the maintaining of a nuisance. In prosecutions for the unlawful sale of liquor it has been held by our courts that the testimony of prior and subsequent sales to the one upon which conviction is sought is not admissible. We see no difference in principle between the offense of unlawful sale and unlawful possession. Neither involves the idea of continuity. The very moment one acquires unlawful possession of intoxicating liquor, that moment he is subject to prosecution. The very moment one unlawfully sells intoxicating liquor, for that offense he is immediately subject to prosecution. They are offenses complete in themselves. We think this case is governed by the principle of law set forth in 8 Cal. Jur., page 59, section 167, where it is said: "The universally recognized rule is that a defendant in a criminal cause can be tried for no other offense than that charged in the indictment or information. It is not competent for the prosecution to prove the commission of independent crimes by the defendant, the evidence of which has no tendency to prove some material fact in connection with the particular crime charged. Such evidence is inadmissible either to show a disposition on the part of the defendant to commit such offenses as he is charged with, or as corroborative of the testimony directed to the proof of the specific offense for which he is on trial." This rule is clearly set forth in the case of *People* v. *Smith*, 64 Cal. App. 344 [221 Pac. 405], where the offense charged was that of selling intoxicating liquor. See, also, *People* v. *Morales*, 45 Cal. App. 553 [188 Pac. 58] , *People* v. *Amort*, 60 Cal. App. 29 [212 Pac. 50] ,

*People* v. *Pagni*, 67 Cal. App. 303 [227 Pac. 972], and
*People* v. *Mori*, 67 Cal. App. 442 [227 Pac. 629].

[3] Our view, however, that such testimony is not ad-
missible is not determinative of this case. As we have said,
the testimony erroneously admitted by the court simply
was to the effect that intoxicating liquor was found in the
dwelling-house occupied by the defendant. There was no at-
tempt made to show the character of possession. Upon the
trial of this case the defendant admitted the possession of the
liquor in question and the intoxicating character prior to the
giving of objectionable testimony herein referred to. The only
question presented to the jury for determination was whether
the defendant had unlawful possession of the intoxicating
liquor under the provisions of section 33 of the Volstead
Act, which reads: "But it shall not be unlawful to possess
liquor in one's private dwelling while the same is occupied
and used by him as his dwelling only and such liquor need
not be reported, provided such liquors are for use only
for the personal consumption of the owner thereof and his
family residing in such dwelling and of his *bona fide* guests
when entertained by him therein; and the burden of proof
shall be upon the possessor in any action concerning the
same to prove that such liquor was lawfully acquired, pos-
sessed, and used." This section must be read in connection
with all the other sections of the act and especially in con-
nection with section 3 thereof, making it unlawful to man-
ufacture, barter, sell, or possess intoxicating liquor for
beverage purposes after the date therein mentioned. While
this point has not been expressly decided in this state, the
matter has been passed upon in a civil case by the supreme
court of the United States, wherein it is held that the only
instances where intoxicating liquors can be lawfully pos-
sessed for beverage purposes is where the intoxicating li-
quors were obtained prior to the date mentioned in section
3 of the Volstead Act. (*Cunard Steamship Co.* v. *Mellon,*
262 U. S. 100 [27 A. L. R. 1306, 67 L. Ed. 894, 43 Sup.
Ct. Rep. 504].) [4] We think that section 33 of the Vol-
stead Act relative to the possession of intoxicating liquors
for beverage purposes, which may be lawful, refers to and
must be held to refer to intoxicating liquors procured prior
to the date mentioned in section 3. We find no provision of
the Volstead Act making lawful the possession of intoxi-

cating beverages commonly known as and called "bootleg whisky" and "jackass brandy." If this interpretation of the Volstead Act is correct, then by the admission of the defendant of the possession for beverage purposes of the intoxicating liquor found in his residence, and also the intoxicating character thereof, as admitted by his counsel in open court, the case for the prosecution was practically established. The trial court, however, went into the question of unlawful possession and admitted testimony tending to show acts and conduct from which the jury might infer unlawful possession, and, as the case was tried, there was presented to the jury the sole question of unlawful possession. The sole question for the jury was thus narrowed to the issue of the character of the possession and the court very carefully, pointedly, and particularly directed the attention of the jury to this one fact, and that it was incumbent upon the People to prove the unlawful possession and not upon the defendant. We are thus brought to a consideration of the proof. The testimony in this case shows that two witnesses residing twenty-seven feet from the building occupied by the defendant, which building appears to have been occupied by the defendant alone, testified at great length to the occurrences taking place at the premises occupied by the defendant, the coming and going of people at unusual hours, the fact that they came there apparently sober and went away apparently intoxicated, that intoxicated people were frequently seen with the defendant at his place of residence and covering such a period of time and showing such circumstances that the jury could not very well avoid coming to the conclusion which it reached in this case. The people who came and went to defendant's premises included both men and women. The testimony of the prosecution is, when examined, practically uncontradicted. The defendant himself admitted possession of the intoxicating liquor and simply stated that he did not sell or give it away. The defendant also introduced one witness who stated that the rear of the house occupied by the witness was about 150 feet from the rear of the house occupied by the defendant, that there was a garage and two-story tank-house and a barn between his dwelling-house and the building occupied by the defendant, that he had not seen anything or heard anything indicating the improper use of

liquor upon the defendant's premises, and that he did not know whether he would have heard such occurrences or not. There was testimony also introduced by the defendant that his employer never knew of his being intoxicated.

The appellant argues that the testimony of the witnesses for the prosecution was exaggerated. This was a question wholly for the jury to determine. The testimony of the defendant's witness that he heard nothing and saw nothing and was really situated and living where he would probably see nothing and hear nothing does not rise to the dignity of contradictory evidence. Under these circumstances, we think that the error of the court in admitting testimony simply of prior possession comes within the rule announced in section 4½ of article VI of the state constitution, and that the defendant suffered no prejudice through the admission of such testimony.

The judgment of the trial court is affirmed.

Hart, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 16, 1926.