[Crim. No. 1505. Second Appellate District, Division Two.—September 13, 1927.]

THE PEOPLE, Respondent, v. ELMER W. LITLE, Appellant.

Frank S. Hutton and W. I. Gilbert for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

CRAIG, J.—The defendant was charged by an information containing two counts with the commission of two felonies. In the first count it was alleged that he illegally gave and furnished to one Madge Serber a preparation of cocaine on September 22, 1926, and the second count charged that he illegally sold a preparation of morphine to the same person on September 26, 1926. At the trial he was convicted upon both counts, and appeals from the judgment pronounced by the court and from its order denying his motion for a new trial.

The prosecution, over the objection of counsel for the defendant, introduced evidence tending to show that the defendant had committed a number of other acts similar to those named in the information. The prosecuting witness, in

response to questions of counsel for the People, related that she had purchased cocaine from the defendant upon a number of occasions other than September 22, 1926. To permit this was error. No rule of evidence is more fully recognized than that upon a trial under an indictment or information charging the commission of one offense, proof that the defendant has committed another crime is irrelevant and inadmissible. *People* v. *Avila,* 78 Cal. App. 415 [248 Pac. 693], *People* v. *Smith,* 64 Cal. App. 344 [221 Pac. 405], *People* v. *Morales,* 45 Cal. App. 553 [188 Pac. 58], *People* v. *Amort,* 60 Cal. App. 29 [212 Pac. 50], and *People* v. *Clark,* 28 Cal. App. 670 [153 Pac. 719], are among the decisions which might be cited to this effect. The general rule was adhered to in *People* v. *Santagata,* 130 App. Div. 225 [114 N. Y. Supp. 321], where the charge was unlawful sale of cocaine.

While there are well-defined exceptions to this rule, there is nothing in the nature of the charge of a violation of the Poison Act [Stats. 1907, p. 124] which brings it within any of them. Because of this error the judgment must be reversed. Considering the record presented for our review, it cannot be said that the defendant's substantial rights were not prejudiced. He denied having at any time sold drugs to the prosecuting witness. There was no direct evidence corroborating her testimony. The only evidence tending to do so was circumstantial, and not at all conclusive in this character. Two officers testified that they found a marked twenty-dollar bill in possession of the defendant; this, they said, had been given to the prosecuting witness shortly before she went to the defendant's office. These witnesses also testified to having received a bottle of cocaine and a bottle of morphine from her immediately after her return. But taking into account her apparent poor memory and the low order of the prosecuting witness, she having admitted that she had been a morphine addict for many years, from which fact the jury may have doubted her veracity, we cannot conclude that the conviction in the instant case is one where the saving grace of section 4½ of article VI of the constitution will warrant an affirmance in spite of the error previously pointed out.

The prejudice was doubtless exaggerated by the fact that during the argument to the jury the prosecuting attorney

several times referred to and discussed the evidence of sales other than those charged in the information.

In view of the fact that the case may be tried again it is necessary that we pass upon one other alleged error. ▉ The defendant requested the court to give the following instruction:

"The evidence of narcotic users when used as informers in matters relating to their addiction should always be received with a large degree of caution and distrust. From the nature of their addiction and the business in which such informers are engaged and the associations which such addicts usually seek, they and their testimony are rendered of little reliability unless corroborated.

"The testimony of those employed to hunt up evidence and to create situations causing or tending to cause others to commit offenses must be weighed with greater care than that given by disinterested witnesses."

No authority is cited requiring that such an instruction be given in any case. It would clearly trench upon the province of the jury who alone are charged with the duty and are given the right of weighing evidence.

No other point need be mentioned.

The judgment is reversed.

Works, P. J., and Thompson, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 10, 1927.