[Crim. No. 1944. Second Appellate District, Division Two.—May 27, 1930.]

In the Matter of the Application of WILLIAM PARR for a Writ of Habeas Corpus.

Macdonald & Thompson for Petitioner.

Lloyd S. Nix, City Prosecutor, and F. W. Fellows and Joe W. Matherly, Deputies City Prosecutor, for Respondent.

CRAIG, Acting P. J.—The petitioner seeks release after conviction and sentence to imprisonment by the municipal court of the city of Los Angeles upon a charge of having committed a misdemeanor in that on the seventh day of October, 1929, he unlawfully possessed intoxicating liquors. It appears without contradiction that intoxicating liquors of various kinds, containing more than one-half of one per centum by volume of alcohol, were found in a cabinet in the dining-room of petitioner's residence, and that he "stated it was his own liquor and that he had had it in the house for a long time."

It is contended that mere naked possession of intoxicating liquors is not sufficient to sustain a conviction in such cases, and that since the eighteenth amendment to the Constitution of the United States does not so declare, no power was conferred upon the Congress to make possession unlawful. ■ With the constitutionality of federal statutes which have been upheld by federal courts, we need not deal further than to observe that it is fundamental that their decisions are final and authoritative declarations of the proper construction to be placed upon the Constitution and laws of the United States. (*Elmendorf* v. *Taylor,* 10 Wheat. (U. S.) 152 [6 L. Ed. 289]; *United States* v. *Reynolds,* 235 U. S. 133 [59 L. Ed. 162, 35 Sup. Ct. Rep. 86, see, also, Rose's U. S. Notes].) That the Congress is vested with such power has been decided in the affirmative. (*Riggs* v. *United States,* 14 Fed. (2d) 5.)

The eighteenth amendment to the Constitution and the National Prohibition Act (U. S. Stats., Oct. 28, 1919, vol. 41, p. 307, title II, chap. 85, 27 U. S. C. A.) have so frequently and thoroughly been analyzed during a period of more than ten years, that quotation at length from them is unnecessary. By section 3 of title 2 of said act (27 U. S. C. A., sec. 12) it was ordained: "No person shall . . . possess any intoxicating liquor except as authorized in this chapter, and all the provisions of this chapter shall be liberally construed to the end that the use of intoxicating liquors as a beverage may be prevented."

Section 33 of title 2 (27 U. S. C. A., sec. 50) reads, in part: "After February 1, 1920, the possession by any person not legally permitted under this title to possess liquor shall be *prima facie* evidence that such liquor is kept . . . in violation of the provisions of this title. . . . But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only, . . . ; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used."

 Concurrently with the enactment of the foregoing provisions, our legislature declared (Stats. 1921, p. 79): "California hereby recognizes the requirements of the eighteenth amendment to the Constitution of the United States for its concurrent enforcement by the congress and the several states. To that end, the penal provisions of the Volstead Act are hereby adopted as the law of this state; . . .

"All acts or omissions prohibited or declared unlawful by the eighteenth amendment to the Constitution of the United States or by the Volstead act are hereby prohibited and declared unlawful; and violations thereof are subject to the penalties provided in the Volstead act." (Section 2.)

That possession, except as authorized by chapter 85, title II, of the United States statutes, is an unlawful act, is manifest. That the legislation adopted only the penal provisions of said chapter, and omitted rules of evidence and procedural provisions, is also a settled question, and mere possession of intoxicating liquors in the ordinary acceptation of the term is not presumptive proof of a violation of law, but is an element of the offense, and the burden also lies with the prosecution in such a case to establish the unlawful character of possession. (*People* v. *Mattos,* 67 Cal. App. 346 [227 Pac 974]; *People* v. *Arnarez,* 68 Cal. App. 645 [230 Pac. 193]; *People* v. *Buttulia,* 70 Cal. App. 444 [233 Pac. 401]; *People* v. *Gatlin,* 92 Cal. App. 42 [267 Pac. 564]; *People* v. *Medalgi,* 94 Cal. App. 543 [271 Pac. 552].)

Hence, it is argued by the petitioner that possession of intoxicating liquor in the dwelling is expressly authorized, and is not unlawful; that, since the California statute denounces only unlawful acts under the prohibition act as violations of the state statute, proof of an admission of possession, as disclosed by this record, without further showing of its ille-

gality, is insufficient to establish an offense. There are certain specified exceptions contained in the original act, concededly legalizing possession of intoxicating liquors generally by virtue of the holding of a license or permit. The petitioner bases his plea in this proceeding upon the theory that having violated no provision, as he contends, requiring such authorization to possess liquors, and being free from the burden of proving lawful acquisition or possession, he need do no more than rest upon the permissive clause of section 33, above quoted. The result of this reasoning would lead to the doubtful conclusion that possession by one not claiming rights requiring the precedent issuance of a license or permit, is not classed among the exceptions to those provisions, and that if the prosecution furnish no proof of the character of his acquisition or ownership of liquors, he is not shown to have committed any offense because "it shall not be unlawful to possess liquors in one's private residence." It is to be observed that the National Prohibition Act embraces all of the following provisions: "No person shall . . . possess any intoxicating liquor except as authorized by this chapter, . . . Any person violating the provisions of any permit, or . . . any of the provisions of this title for which offense a special penalty is not prescribed, shall be fined . . . But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his *bona fide* guests when entertained by him therein." In reference to the application of these provisions no decision in this state to which our attention has been called goes further than to hold defendants unfettered by the evidentiary or procedural clause generally that "the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed and used." (Title 2, secs. 3, 29, 33 [27 U. S. C. A., secs. 12, 46, 50].) At no time has it been indicated that ordinary rules of evidence should not apply to the proviso as to possession in a dwelling contained in the National Prohibition Act when that proviso is involved in a prosecution under the state law, or that one charged with the

violation here in question need offer no evidence in response to a *prima facie* case.

Our courts have heretofore seen fit in this respect to adopt the construction placed upon the section in controversy by the Supreme Court of the United States. In *Cunard Steamship Co.* v. *Mellon*, 262 U. S. 100 [27 A. L. R. 1306, 67 L. Ed. 894, 43 Sup. Ct. Rep. 504, 508], consolidated suits wherein the scope of the National Prohibition Act was exhaustively discussed, it was said: ''Other provisions show that various penalties and forfeitures are prescribed for violations of the act; and that the only instance in which the possession of intoxicating liquor for beverage purposes is recognized as lawful is where the liquor was obtained before the act went into effect, and is kept in the owner's dwelling for use therein by him, his family, and his *bona fide* guests.''

In decisions of the District Court of Appeal, approved by the Supreme Court, the question has been determined upon the authority of the foregoing rule, and of cases wherein it was held that the prosecution need not negative exceptions. In *People* v. *Avila*, 78 Cal. App. 415 [248 Pac. 693, 695], it was stated:

''The only question presented to the jury for determination was whether the defendant had unlawful possession of the intoxicating liquor under the provisions of section 33 of title 2 of the Volstead Act, which reads: 'But it shall not be unlawful to possess liquor in one's private dwelling while the same is occupied by him as his dwelling only . . . ' This section must read in connection with section 3 thereof, making it unlawful to manufacture, barter, sell, or possess intoxicating liquor for beverage purposes after the date therein mentioned. While this point has not been expressly decided in this state, the matter has been passed upon in a civil case by the Supreme Court of the United States, wherein it is held that the only instances where the intoxicating liquors for beverage purposes may be possessed is where such intoxicating liquors were obtained prior to the date mentioned in section 3 of title 2 of the Volstead Act. (*Cunard Steamship Co. v. Mellon*, 262 U. S. 100 [27 A. L. R. 1306, 67 L. Ed. 894, 43 Sup. Ct. Rep. 504].) We think that section 33 of title 2 of the Volstead Act relative to the possession of intoxicating liquors for beverage purposes, which may be lawful, refers to and must be held to refer to intoxicating

liquors procured prior to the date mentioned in section 3. We find no provision of the Volstead Act making lawful the possession of intoxicating beverages commonly known as and called 'bootleg whiskey' and 'jackass brandy.' If this interpretation of the Volstead Act is correct, then the admission of the defendant of the possession for beverage purposes of the intoxicating liquor found in his residence, and also the intoxicating character thereof, as admitted by his counsel in open court, the case of the prosecution was practically established.''

*People* v. *Jones,* 78 Cal. App. 554 [248 Pac. 494], also approved by our Supreme Court, quoted the same language of *Cunard Steamship Co.* v. *Mellon, supra,* in disapproving a requested instruction, which was held too broad without more than the statement that the defendant had a right to possession in his dwelling, in the language of the statute. If it be held that the proof showed unlawful possession, *prima facie* this would shift the burden of proof to the defendant, but, in view of the foregoing authorities, it presents merely such evidence of a violation of law as might be offset. He was not, as he contends, thereby deprived of any right, or compelled to testify against himself, nor was the burden of proof shifted upon his shoulders. He was entitled to go to the jury upon the state's proof alone, and to combat it in argument as being insufficient proof of the ultimate fact under all the circumstances of the case; but he would take the risk in so doing instead of introducing evidence. (*Brock* v. *Metropolitan Life Ins. Co.,* 156 N. C. 112 [72 S. E. 213].) Although not expressly defined by authorities in this state, the rule has been frequently stated in other jurisdictions. In *State* v. *Hardelein,* 169 Mo. 579 [70 S. W. 130, 131], the Supreme Court of Missouri used the following language:

''Making out a *prima facie* case does not necessarily or usually change the burden of proof. A *prima facie* case is that amount of evidence which would be sufficient to counterbalance the general presumption of innocence, and warrant a conviction, if not encountered and controlled by evidence tending to contradict it, and render it improbable, or to prove other facts inconsistent with it. But the establishment of a *prima facie* case does not take away from a defendant the presumption of innocence, though it may, in the opinion of the jury, be such as to rebut and control it; but that

presumption remains, in aid of any other proofs offered by the defendant to rebut the prosecutor's *prima facie* case.''

A similar rule was applied in *McCombs* v. *State,* 50 Tex. Crim. Rep. 490 [123 Am. St. Rep. 855, 14 Ann. Cas. 72, 9 L. R. A. (N. S.) 1036, 99 S. W. 1017]. ▆ Because procedural provisions and rules of evidence enacted by the Congress were omitted from the legislative act of this state, it does not follow that by such silence the legislature ignored or abridged well recognized and long existing general rules of evidence. While none of our statutes or decisions cast the burden upon a defendant of proving matters descriptive of the offense, the right to possession of generally prohibited liquors in a residence is established by the interpretation of federal courts, adopted by our own tribunals through the application of established principles, and under these he may need to produce some evidence if he would counterbalance a *prima facie* case made out by the prosecution. It follows that the introduction in evidence of liquors admittedly the property of one shown to have possessed them in his residence was sufficient in the absence of anything more from which the court might lawfully conclude that the offense charged had been committed; or, on the other hand, it might have believed that the possession was legitimate; and to so hold is not to set at naught the presumption of innocence or to shift the burden of proof, but rather to maintain and apply all of these rules harmoniously.

The writ of *habeas corpus* is denied.

Thompson (Ira F.), J., and Gates, J., *pro tem.,* concurred.